THOMPSON v FORD MOTOR COMPANY

Docket No. 70288. Submitted June 8, 1984, at Lansing.—Decided
November 19, 1984.

Charlie Thompson was employed by Ford Motor Company from
1959 to 1971. He injured his back in 1963 and again in 1965. In
1974 he brought a claim for general disability benefits as a
result of those injuries. The Workers' Compensation Appeal
Board held that Thompson was entitled to benefits for 500
weeks from the date of the first injury and, thus, that his
entitlement to benefits expired in 1973. That determination was
ultimately upheld on appeal. While plaintiff's general disability
claim was pending on appeal, he filed a second petition alleging
total and permanent disability, naming Ford Motor Company
and the Second Injury Fund as defendants. The claim for total
and permanent disability benefits was rejected by the WCAB on
the basis that the earlier adjudication barred a later redetermi-
nation of plaintiff's condition under the doctrine of res judicata.
Plaintiff appealed by leave granted, alleging that res judicata
does not bar his claim because the claim was neither raised nor
considered at the hearing for general disability benefits and
that he may seek benefits from the Second Injury Fund in any
event because its liability is separate from that of Ford. *Held:*

1. The appeal board erred in applying the broad rule of res
judicata to this case. Under that rule a compensation award is
conclusive of all matters adjudicable at that time. Although
plaintiff's second claim is based on the same injury as the first,
it is separate and distinct, requires different proofs, and has a
different statutory basis.

2. A compensation award represents an adjudication of the
claimant's condition at the time the award is entered. Res
judicata may not be used to bar the claimant from later raising
a total and permanent disability claim based upon a change in
his condition. The proper inquiry is whether the claimant
reasonably could have been expected to raise the claim of total

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 338 *et seq.*, 591.
[2] 81 Am Jur 2d, Workmen's Compensation §§ 1-3.
[3] 46 Am Jur 2d, Judgments § 420.

and permanent disability in the original petition for benefits. If so, the claim may not be raised in a subsequent petition.

Reversed and remanded for further hearing.

1. WORKERS' COMPENSATION — CONDITION AT TIME OF AWARD — MODIFICATION OF AWARD.

Generally, a workers' compensation award is an adjudication as to the condition of the injured worker at the time the award is entered and is conclusive of all matters adjudicable at that time, but it is not an adjudication as to the worker's future condition and does not preclude subsequent awards or modifications upon a showing that the employee's physical condition has changed.

2. WORKERS' COMPENSATION — DELIVERY OF BENEFITS.

The primary goal of workers' compensation legislation is the delivery of sustaining benefits to a disabled employee as soon as possible after an injury occurs.

3. ACTIONS — RES JUDICATA — UNLITIGATED CLAIMS.

A party is barred from asserting an unlitigated claim in a subsequent action where that party, exercising reasonable diligence, could have raised it in the prior adjudication.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Rodger G. Will*), for plaintiff.

Office of The General Counsel (by *David L. Kaminski*), and *Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell*), of counsel, for Ford Motor Company.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Richard F. Zapala*, Assistant Attorney General, for the Second Injury Fund.

Before: GRIBBS, P.J., and BRONSON and SHEPHERD, JJ.

SHEPHERD, J. Plaintiff appeals by leave granted September 27, 1983, from a February 25, 1983, decision of the Workers' Compensation Appeal

Board. The appeal board denied plaintiff's claim for total and permanent disability on the ground that the claim was barred under the doctrine of res judicata due to an earlier award of 500 weeks of general disability compensation benefits for the same injury. We reverse and remand for a hearing on the issue of whether plaintiff knew or should have known he was totally and permanently disabled when he filed the prior petition for general disability benefits, and whether his condition changed between the time the general disability award was made and the filing of his petition for total and permanent disability benefits.

Plaintiff worked for the defendant Ford Motor Company from December, 1959, until July 22, 1971. On October 15, 1963, plaintiff injured his back in a lifting accident. He alleged an additional back injury in June of 1965, which occurred while lifting equipment off the assembly line.

Plaintiff filed a petition for hearing dated January 3, 1974, alleging a low back injury as a result of the incidents of 1963 and 1965. A hearing was held before a hearing officer on August 28, 1974. In a decision dated September 10, 1974, the hearing officer found a general disability as a result of the injuries sustained by plaintiff in 1963 and 1965. He ordered the defendant to pay compensation benefits for 500 weeks from the last injury date in 1965. Plaintiff filed a claim for review, which resulted in a June 24, 1977, decision of the WCAB. The appeal board, finding only an October 15, 1963, injury date, held that plaintiff's entitlement to benefits expired in 1973. The appeal board's decision was appealed and became final when the Supreme Court denied leave to appeal on February 1, 1978. 402 Mich 871.

While his general disability claim was still pending on appeal, plaintiff filed a second petition for

hearing dated July 25, 1975, alleging total and permanent disability due to the loss of industrial use of the legs. He named Ford Motor Company and the Second Injury Fund as defendants. The hearing officer refused to rule on the new petition until the appeal board ruled on plaintiff's original claim. The hearing officer held a hearing on March 28, 1979, and issued a decision the same day. He denied the plaintiff's claim on the ground that it was not timely filed under MCL 418.361(3)(g); MSA 17.237(361)(3)(g). Section 361(3)(g) states that the permanency of a disability must be determined not less than 30 days before the expiration of 500 weeks from the date of injury. Plaintiff filed a claim for review. The appeal board affirmed the hearing officer's decision (one member dissenting), but for a different reason than that relied upon by the hearing officer. The appeal board noted that the plaintiff's petition need not be filed 30 days before the expiration of 500 weeks from the date of injury; rather, it must be proven only that the loss itself occurred within that period. *Johnson v Harnischfeger Corp,* 414 Mich 102; 323 NW2d 912 (1982). The appeal board justified its denial of the plaintiff's claim on the ground that the earlier adjudication operated to bar a later redetermination of his condition under the doctrine of res judicata. The board noted plaintiff's assertion that he was totally and permanently disabled in 1971, well before the prior hearing on the general disability issue.

Plaintiff contends, first, that his claim for total and permanent disability benefits is not barred by res judicata because the claim was neither raised nor considered at the prior hearing on his petition for general disability benefits. Secondly, he argues that, even if his claim against Ford Motor is barred, he may still seek total and permanent

disability benefits from defendant Second Injury Fund, because the fund's liability is separate and independent from the employer's. The fund argues that plaintiff's claim of total and permanent disability lacks merit as a matter of law, citing an admission by plaintiff that he was capable of performing favored work on the last day he was employed.

The appeal board applied the doctrine of res judicata in reliance on *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980), and *Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975), decisions in which the Supreme Court endorsed application of the "broad rule" of res judicata in worker's compensation adjudications. Broad application of res judicata bars not only those claims raised in the prior action, but "bars as well those claims arising out of the same transaction which plaintiff could have brought, but did not". *Gose, supra,* p 160. As noted in *Hlady, supra,* pp 375-376, quoting 58 Am Jur, Workmen's Compensation, § 508:

" 'The general rule with respect to the effect upon the application of the principles of res judicata to decisions under workmen's compensation acts, of a provision authorizing the modification of an award upon a showing of a change in the employee's condition, is that a compensation award is an adjudication as to the condition of the injured workman at the time it is entered, *and conclusive of all maters adjudicable at that time,* but it is not an adjudication as to the claimant's future condition and does not preclude subsequent awards or subsequent modifications of the original award upon a showing that the employee's physical condition has changed.' " (Emphasis in *Hlady.)*

However, the Supreme Court has not decided the precise question presented here. The plaintiffs

in *Gose, supra,* each attempted to make a second claim of total and permanent disability. 409 Mich 162-163. In contrast, plaintiff herein sought and received general benefits under MCL 418.301; MSA 17.237(301). Although his second claim is based on the same injury, it is separate and distinct, requires different proofs, and has a different statutory basis. MCL 418.361(3)(g); MSA 17.237(361)(3)(g); *Redfern v Sparks-Withington Co,* 403 Mich 63, 79-80; 268 NW2d 28 (1978).

Of course, the question of total and permanent disability is "adjudicable", in a broad sense, in every case where the claimant files a claim for general disability benefits. Nevertheless, to apply res judicata in the manner adopted by the appeal board herein would lead to anomalous results and a waste of judicial resources. Claimants would be forced to file a total and permanent disability claim at the outset, even though such claim might be premature and without merit. Moreover, as was noted by the dissenting member of the appeal board in this case, it is frequently not possible to establish the totality or permanency of a disability until passage of a certain amount of time. One might conclude at a later date that the claimant was totally and permanently disabled, but only with the aid of hindsight.

A compensation award represents an adjudication as to the claimant's condition at the time the award is entered. *Gose, supra,* pp 161-162; *Theodore v Packing Materials Inc,* 396 Mich 152, 158; 240 NW2d 255 (1976). In many cases, the future development of that condition is an open question when the claimant initially seeks benefits. The "primary goal" of worker's compensation legislation is "delivery of sustaining benefits to a disabled employee as soon as possible after an injury occurs". *McAvoy v H B Sherman Co,* 401 Mich 419,

437; 258 NW2d 414 (1977). Wholesale application of res judicata would bar the employee from later raising a total and permanent disability claim, even though the claim might have acquired merit through passage of time. This would turn the policy of prompt payment of benefits, noted in *McAvoy, supra,* against the intended beneficiaries of that policy. We do not feel that this result was that intended either by the Supreme Court in *Gose, supra,* or by the Legislature.

We believe a sounder approach can be discerned in cases holding that an unlitigated claim is barred if the party asserting it, "exercising reasonable diligence", could have raised it in the prior adjudication. *Socialist Workers Party v Secretary of State,* 412 Mich 571, 583-584; 317 NW2d 1 (1982); *Eyde v Meridian Twp,* 118 Mich App 43, 49; 324 NW2d 775 (1982). In this context, the question posed is whether the claimant reasonably could have been expected to raise a total and permanent disability claim in his or her original petition. For instance, if the injury immediately rendered the claimant's legs paralyzed, with no hope of recovery, reasonable diligence would dictate assertion of a total and permanent disability claim. If the claimant knew or should have known that he or she was totally and permanently disabled, then the claim cannot be raised in a subsequent petition.

Additionally, we hold that res judicata does not bar a subsequent claim for total and permanent disability benefits, after an award of general benefits, if the claimant can show that his or her physical condition has changed. *Hlady, supra.* In the present case, the appeal board observed plaintiff's contention that he was totally and permanently disabled well before filing his first petition. However, "total and permanent disability" is a

threshhold concept. *Redfern, supra,* p 80. Even if plaintiff had reason to know he was totally and permanently disabled at the time of the original hearing, he should not be barred from raising the claim later if his condition is changed for the worse or the outlook for improvement has grown dimmer in the interim. Such matters were not "adjudicable" at the time of the first hearing. *Hlady, supra.*

Accordingly, we reverse and remand this matter for a hearing, at which the parties may submit proof as to whether (1) plaintiff had good reason to know he was totally and permanently disabled when he failed to raise his claim at the prior hearing and (2) whether plaintiff's condition has changed since he was awarded general disability benefits. If the answers to these questions are favorable to plaintiff, the merits of his claim shall be heard and decided by the hearing officer. Given the length of time this case has been pending, we order that this matter be given priority status on remand at both the hearing and the appeal board levels.[1] In light of our remand, we decline to consider the issue of whether the Second Injury Fund is independently liable, or the merits of plaintiff's total and permanent disability claim.

We reserve jurisdiction on the issue of priority only. Plaintiff may address this issue on motion to this Court if the case is not processed below with reasonable dispatch.

Reversed and remanded.

---

[1] See GCR 1963, 820.1(7).