WOLF v GENERAL MOTORS CORPORATION

Docket No. 247809. Submitted April 7, 2004, at Detroit. Decided May 11, 2004, at 9:00 A.M.

Raymond A. Wolf, Jr., sought worker's compensation benefits from his employer, General Motors Corporation, on the basis that the stress and pressure associated with his job caused him to suffer from disabling depression. A magistrate awarded an open award of benefits for mental disability and the award was affirmed by the Worker's Compensation Appellate Commission (WCAC). The Court of Appeals, SAWYER, P.J., and NEFF and HOEKSTRA, JJ., denied leave to appeal in an unpublished order, entered April 18, 2001 (Docket No. 230444). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the magistrate for consideration in light of *Robertson v DaimlerChrysler Corp*, 465 Mich 732 (2002). 466 Mich 871 (2002). On remand, the magistrate again awarded benefits and the WCAC affirmed that award. The defendant appealed by leave granted.

The Court of Appeals *held*:

Mental disabilities are compensable only when they arise out of actual events of employment, not unfounded perceptions thereof. An analysis of the claimant's perception of the events is required. Benefits are appropriate only where, under an objective standard, the claimant's perception is grounded in fact or reality, not delusion. The fact-finder must first determine whether actual events of employment indeed occurred. Then, in analyzing whether the claimant's perception of the actual events of employment had a basis in fact or reality, i.e., the claimant's perception was "founded," the fact-finder must apply an objective review by examining all the facts and circumstances surrounding the actual employment events in question to determine whether the claimant's perception of such events was reasonably grounded in fact or reality. In this matter, the magistrate properly applied an objective review, by examining all the facts and circumstances surrounding the actual employment events in question, and determined that the plaintiff's perception of the events was reasonably grounded in fact or reality.

Affirmed.

*Law Offices of Charles W. Palmer, P.C.* (by *Charles W. Palmer*), for the plaintiff.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for the defendant.

Before: TALBOT, P.J., and NEFF and DONOFRIO, JJ.

DONOFRIO, J. Defendant General Motors Corporation appeals, by leave granted, the Worker's Compensation Appellate Commission's (WCAC) order affirming a magistrate's award of benefits for a mental disability. The order was entered following a remand from the Supreme Court. Because plaintiff's perception of the employment events were reasonably grounded in fact or reality, we affirm.

Plaintiff was a management supervisor for defendant. Plaintiff supervised between thirty-five and thirty-nine production employees. According to plaintiff, the stress and pressure associated with the position caused him to suffer from disabling depression.

Plaintiff filed a petition for, and was granted, an open award of benefits for a mental disability. On appeal, the award was affirmed by the WCAC. This Court denied defendant's application for leave to appeal in an unpublished order, entered April 18, 2001 (Docket No. 230444). Subsequently, our Supreme Court, in lieu of granting leave to appeal, remanded this matter to the magistrate for consideration in light of *Robertson v DaimlerChrysler Corp*, 465 Mich 732; 641 NW2d 567 (2002). 466 Mich 871 (2002).

*Robertson* reversed prior precedent, *Gardner v Van Buren Pub Schools*, 445 Mich 23; 517 NW2d 1 (1994), and set forth a new analysis for determining entitlement to benefits for mental disabilities. Essentially, *Robertson* held that *Gardner* was inconsistent with the

plain language of MCL 418.301(2), which states that mental disabilities are compensable only when "arising out of actual events of employment, not unfounded perceptions thereof." *Gardner* had held that where a claimant seeks benefits for a mental disability, the focus is on whether an actual employment event occurred, and the claimant's perception of that event, even if misconstrued, was of no consequence. *Robertson* reversed this holding, concluding that, under the plain language of MCL 418.301(2), an analysis of the claimant's perception of events is required, and that benefits are appropriate only where, under an objective standard, the claimant's perception is grounded in fact or reality, not delusion.

On remand, the magistrate concluded that *Robertson* does not change the outcome of this case. The magistrate, finding plaintiff's account of events credible, determined that plaintiff's job involved stress at all levels, from subordinates to superiors, and that the stressors encountered by plaintiff were real events that reasonably translated into depression.

Defendant appealed the magistrate's decision to the WCAC, where, in a 2-1 decision, the magistrate's decision was affirmed. The WCAC majority concluded that the magistrate's analysis "precisely" fulfilled the requirements imposed by *Robertson*. However, the dissenting commissioner opined that the magistrate failed to engage in the type of objective analysis of plaintiff's employment situation that is required by *Robertson*.

This Court granted defendant's application for leave to appeal the WCAC's decision. The WCAC must review the magistrate's decision under the "substantial evidence" standard, while this Court reviews the WCAC's decision under the "any evidence" standard. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 701; 614 NW2d

607 (2000). Review by this Court begins with the WCAC's decision, not the magistrate's *Id*. If there is any evidence supporting the WCAC's factual findings, and if the WCAC did not misapprehend its administrative appellate role in reviewing the magistrate's decision, this Court should treat the WCAC's factual findings as conclusive. *Id*. at 709-710. This Court reviews de novo questions of law in any WCAC order. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401; 605 NW2d 300 (2000). A decision of the WCAC is subject to reversal if it is based on erroneous legal reasoning or the wrong legal framework. *Id*. at 401-402.

The issue presented in this case is one of law. Defendant does not challenge the facts as found below, but, instead, argues that the magistrate and the WCAC did not properly apply the law to those facts. In particular, defendant contends that, under the facts of this case, *Robertson*, mandates a denial of benefits. We do not find that the WCAC misapplied the law.

Here, plaintiff sought benefits for a mental disability. His entitlement to such benefits is governed by MCL 418.301(2), which states:

> Mental disabilities and conditions of the aging process, including but not limited to heart and cardiovascular conditions, shall be compensable if contributed to or aggravated or accelerated by the employment in a significant manner. Mental disabilities shall be compensable when arising out of actual events of employment, not unfounded perceptions thereof.

The first case to address MCL 418.301(2) was *Gardner, supra*. *Gardner* considered, in particular, the second sentence of the statute and expressed an inability to harmonize the phrases "actual events of employment" and "unfounded perceptions thereof." *Gardner, supra* at 43. The Court stated that, because, to some

degree, many, if not all, mental disabilities are based on "unfounded perceptions" of "actual events," the statute "makes little sense." *Id.* at 43-44. The Court went on:

> Where the first part of the provision states that certain work-related mental disabilities *shall* be compensable, the last part excludes the vast majority of all mental disabilities, those based on unfounded perceptions of actual events. What the legislative right hand gives, the left takes. [*Id.* at 44. (emphasis in original).]

*Gardner* ultimately concluded, "The statute, by excluding 'unfounded perceptions' of the actual events of employment, excludes situations in which the claimed events never occurred (i.e., where they are imagined, hallucinatory or delusional)." *Id.* at 49. In essence, *Gardner* held that, under the second sentence of MCL 418.301(2), the key is whether actual events of employment occurred; a claimant's perception of those events, no matter how badly misconstrued, was irrelevant.

Recently, in *Robertson*, our Supreme Court overruled *Gardner*. As mentioned, according to *Robertson*, *Gardner* was inconsistent with the plain language of MCL 418.301(2). The Court stated that, contrary to *Gardner*, the plain language of the statute "requires a distinct analysis concerning a claimant's perception or apprehension of the actual events of employment." *Robertson, supra* at 750. The Court indicated that the perception must be "founded," that is, "based or grounded in fact." *Id.* The Court concluded:

> [T]o satisfy the mental disability requirements of the second sentence of § 301(2), a claimant must demonstrate: (a) that there has been an actual employment event leading to his disability, that is, that the event in question occurred in connection with employment and actually took place; and (b) that the claimant's perception of such actual employment event was not unfounded, that is, that such

perception or apprehension was grounded in fact or reality, not in the delusion or the imagination of an impaired mind. [*Id.* at 752-753.]

The *Robertson* Court then went on to state that when determining whether a claimant's perceptions were "founded," an objective standard is applied, i.e., "the factfinder must assess the factual circumstances in terms of how a reasonable person would have viewed them." *Id.* at 755. The Court made a point to note that there is a distinction between a claimant's perception of an event and a claimant's reaction to that event, and it is only the former that is evaluated objectively. The Court indicated that while a claimant's perception of an event must be objectively based in fact, because a claimant with a psychological disability cannot be expected to react to events in the same manner as a normal, healthy, individual, the claimant's reaction may be atypical, and is therefore viewed subjectively. *Id.* at 754 n 10.

The Court summarized:

> Thus, in applying the proper statutory test, the factfinder must first determine whether actual events of employment indeed occurred. Then, in analyzing whether a claimant's perception of the actual events of employment had a basis in fact or reality, i.e., the claimant's perception was "founded", the factfinder must apply an objective review by examining all the facts and circumstances surrounding the actual employment events in question to determine whether the claimant's perception of such events was reasonably grounded in fact or reality. [*Id.* at 755.]

Applying *Robertson* to the instant case, there does not appear to be a dispute that actual events of employment indeed occurred. The issue is whether plaintiff's perception of actual events was, under an objective standard, based in reality. The WCAC essentially con-

cluded that the magistrate properly found that plaintiff's own testimony provided sufficient support for the finding that plaintiff's perception of the employment events was reasonably grounded in reality. Plaintiff testified that he was "humiliated" by the behavior of certain coworkers, and that certain production standards were "stressful." Certainly, the "behavior of certain coworkers" and "certain production standards" are indeed actual employment events. However, plaintiff's characterization of those events as "humiliating" or "stressful" was based on his own subjective perceptions. The question that must be answered in this case is whether that perception was founded.

The second prong of the *Robertson* test requires an objective review of all the facts surrounding the employment events to determine whether plaintiff's perception of the coworkers' behavior as "humiliating," and the production standards as "stressful," was reasonably grounded in fact. The WCAC affirmed the magistrate's finding of objective reasonableness solely on the basis of plaintiff's own testimony and his characterization of the events. Defendant argues that because the WCAC offered no analysis in regard to how a reasonable person would have viewed the employment events that were perceived by plaintiff as humiliating and stressful, the WCAC's analysis failed to sufficiently address the second prong of the *Robertson* test.

Here, the WCAC concluded that the magistrate, in his fact-finding role, had properly applied an objective review by examining all the facts and circumstances surrounding the actual employment events in question and then determined that plaintiff's perception of the events were reasonably grounded in fact or reality. The WCAC stated in its opinion, "[w]e believe it unnecessary to remand the case simply for the magistrate to attach

the label 'reasonable' to events as plaintiff described them when the magistrate has accepted them as actual fact." The magistrate found that the events that occurred during the course of plaintiff's employment were significant and real events. The magistrate also found, while engaging in an objective review of all the facts and circumstances, that plaintiff's perception of those real events was also grounded in fact or reality. Because we agree with the WCAC that when the magistrate found the events plaintiff described, as well as his perceptions of them, were actual facts, it follows that a reasonable person must then find that both the events and plaintiff's perception of them truly existed or were "reasonably grounded in fact or reality."

In other words, we are not persuaded by defendant's view of the second prong of the *Robertson* test because, essentially, defendant urges us to read a third element into the *Robertson* test—a further inquisition requiring, in effect, outside corroboration. We agree that whether plaintiff's job was "high-pressure" and "stressful," and whether certain events were "humiliating," is a matter of perception that, according to *Robertson*, must be evaluated by an objective review of all the facts and circumstances of the employment events. However, we do not agree that *Robertson* requires something more than an objective evaluation of the claimant's perception of the events. Defendant argues that the magistrate offered no indication that an objective evaluation was undertaken because, although the magistrate did state that plaintiff's job presented "objective" stressors, the magistrate offered no other evidentiary support for this finding other than the magistrate's findings based on plaintiff's own testimony.

Where defendant is misled is that, as the WCAC correctly pointed out, "it is only necessary for the

magistrate to decide whether plaintiff is credible regarding the occurrence of the events and his reaction to those events." Under *Robertson*, the magistrate is charged with determining how a "reasonable person" would have perceived the events that plaintiff perceived as "humiliating" and "stressful." But, this test requires only that the magistrate determine if plaintiff's "perception of such events was reasonably grounded in fact or reality." Our Supreme Court counseled that the inquiry ultimately seeks to ensure that the purpose of the statute is fulfilled, i.e., that compensation apply to "mental disabilities that arose out of actual events of employment, not to those that were attributable to the mere imaginings of the employee." *Robertson, supra,* at 755 n 11. Hence, the magistrate's inquiry and application of *Robertson* was proper and we find no error because, in conducting his objective evaluation, the magistrate sought to determine if the events and plaintiff's reactions were real and actual, and not delusional or imaginary.

We find that the magistrate correctly applied *Robertson*, and affirm the WCAC's conclusion that the magistrate properly applied an objective review, by examining all the facts and circumstances surrounding the actual employment events in question, and determined that plaintiff's perception of the events was reasonably grounded in fact or reality.

Affirmed.