BANKS v LAB LANSING BODY ASSEMBLY

Docket No. 259934. Submitted April 4, 2006, at Lansing. Decided June 1, 2006, at 9:05 a.m.

Nathan Banks filed an application in August 2000 for a mediation or hearing on his workers' compensation claim against LAB Lansing Body Assembly, General Motors Corporation, for a 1995 injury. After the magistrate denied his claim, the plaintiff filed a second application, seeking compensation for an injury that occurred in October 2001. The magistrate dismissed the second claim on the basis of the doctrine of res judicata. The Workers' Compensation Appellate Commission (WCAC) affirmed, and the plaintiff sought leave to appeal. The Court of Appeals, GRIFFIN, P.J., WHITBECK, C.J., and O'CONNELL, J., denied leave to appeal in an unpublished order entered April 22, 2004 (Docket No. 253264). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for consideration as on leave granted. 471 Mich 943 (2004).

The Court of Appeals *held*:

The magistrate and the WCAC erred by failing to apply the broad application of the doctrine of res judicata recognized in *Gose v Monroe Auto Equip Co*, 409 Mich 147 (1980). That broad application bars a second workers' compensation proceeding if the question was actually litigated in the first proceeding or if the second claim arises out of the same transaction and is one that the plaintiff could have brought in the first proceeding but did not. Contrary to the WCAC's understanding of the rule, neither *Gose* nor general res judicata principles require a claimant to raise every issue that arises before final judgment or be barred from raising it in the future. Whether a factual grouping constitutes a "transaction" for purposes of res judicata must be determined pragmatically, by considering whether the facts are related in time, space, origin, or motivation and whether they form a convenient trial unit. In this case, the plaintiff's two claims were separated by a span of more than 5½ years, occurred in two different places, and involved different body parts. The plaintiff's claim for benefits from the first accident had been pending for more than a year when the second accident occurred. Amending the first application

for a completely different injury would have required adjourning a case already ripe for adjudication. The transactional factors weigh heavily in favor of finding that the separate injuries did not arise from the same transaction, and the magistrate should not have dismissed the plaintiff's second claim on res judicata grounds.

Reversed.

MURRAY, J., concurring, wrote separately to identify the limitations of the majority's decision. While the plaintiff literally "could have" brought this claim before the magistrate at the time of the hearing on the first injury, he was not required to do so because the significant difference in the time and origin of the two injuries would not have allowed a convenient trial of the issue. The unique facts of this case, in which the two claims are so unrelated that they could not have been properly tried together, allow this plaintiff to continue with his second claim, and the majority's decision does not detract from the *Gose* Court's admonition against piecemeal compensation of injuries.

WORKERS' COMPENSATION — RES JUDICATA.

The doctrine of res judicata applies broadly to workers' compensation claims and bars a second proceeding if the same question was actually litigated in the first proceeding or if the second claim arises out of the same transaction and is one that the plaintiff could have brought in the first proceeding but did not; whether a factual grouping constitutes a "transaction" for purposes of res judicata must be determined by considering whether the facts are related in time, space, origin, or motivation and whether they form a convenient trial unit.

*Davidson, Breen & Doud, P.C.* (by *Darrin J. Andrus*), for the plaintiff.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for the defendant.

Before: MURPHY, P.J., and O'CONNELL and MURRAY, JJ.

O'CONNELL, J. This case has been remanded by the Supreme Court for consideration as on leave granted. Plaintiff appeals the decision of the Workers' Compensation Appellate Commission (WCAC) affirming the magistrate's dismissal of his claim on the basis of the

doctrine of res judicata. We reverse. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

Plaintiff filed his initial application for benefits in August 2000, asserting that he was disabled by a May 1, 1995, injury to his right elbow, causing numbness, weakness, and other damage to his elbow, wrist, and hand. In a hearing on April 9, 2002, plaintiff incidentally mentioned that on October 30, 2001, part of a metal door fell on his neck, causing him further injury, but he did not seek to amend his application. Shortly after the magistrate denied his claim, plaintiff filed a second application based on the October 30, 2001, injury. The magistrate dismissed the claim on the basis of the doctrine of res judicata. The WCAC affirmed.

On appeal, our review of a decision of the WCAC is limited to questions of law. If there is any evidence supporting the findings of fact made or adopted by the WCAC, and the WCAC did not misapprehend its administrative appellate role in reviewing decisions of the magistrate, then the courts must treat the WCAC's factual findings as conclusive. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 709-710; 614 NW2d 607 (2000). A decision is subject to reversal if it is based on erroneous legal reasoning or the wrong legal framework. *Wolf v Gen Motors Corp*, 262 Mich App 1, 4; 683 NW2d 714 (2004). This case concerns the application of the doctrine of res judicata, which is reviewed de novo as a matter of law. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401; 605 NW2d 300 (2000).

The doctrine of res judicata applies to workers' compensation awards, because requiring the worker to "present all of his available claims in a single proceeding is consistent with this purpose of adjudicating the worker's needs." *Gose v Monroe Auto Equip Co*, 409

Mich 147, 162; 294 NW2d 165 (1980). A workers' compensation award is generally considered an adjudication of the injured worker's condition at the time it is entered, and it is " 'conclusive of all matters adjudicable at that time . . . .' " *Hlady v Wolverine Bolt Co*, 393 Mich 368, 375-376; 224 NW2d 856 (1975), quoting 58 Am Jur, Workmen's Compensation, § 508. However, a claimant may later raise a different claim or modify an existing award if the employee's physical condition worsens. *Hlady, supra* at 376. These rules presuppose that some claims, although originating before the final award, are not "adjudicable" or "available" to the litigant in one, initial adjudication.

In *Gose*, our Supreme Court held that res judicata applies broadly to workers' compensation claims, and added: "Narrow application bars a second action only if the same question was actually litigated in the first proceeding. Broad application bars as well those claims arising out of the *same transaction* which plaintiff could have brought, but did not." *Gose, supra* at 160. This emphasis on the "same transaction" was reiterated and expounded on in *Adair v Michigan*, 470 Mich 105, 124-125; 680 NW2d 386 (2004), in which our Supreme Court reaffirmed our state's acceptance of "the broader transactional test . . . ." The Court also stated, " 'Whether a factual grouping constitutes a "transaction" for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in *time, space, origin or motivation*, [and] whether they form a convenient trial unit . . . .' " *Adair, supra* at 125, quoting 46 Am Jur 2d, Judgments, § 533, p 801 (emphasis and modification in *Adair*).

In the instant case, the two claims were separated by a span of more than 5½ years and apparently occurred in two different places. Although the claims originated

from the same relationship and were motivated by a similar desire to recover benefits, the injuries originated from two totally separate incidents. Moreover, the record indicates that plaintiff's claim for benefits from the first accident had been pending for more than one year when the second accident occurred. A hearing on the first accident did not even occur until after another five months passed. Amending the application for a completely different injury to different body parts would have required adjournment of a case already ripe for adjudication so that plaintiff could assemble information from the different doctors treating his neck injury. Under the circumstances, the two injuries were not conveniently packaged for one trial.[1] Therefore, the "transactional" factors weigh heavily in favor of finding that the separate injuries did not arise from the same transaction. Oddly enough, this conclusion is supported by the findings of the WCAC, which nevertheless affirmed the magistrate's dismissal on res judicata grounds.

The record clearly indicates that the magistrate interpreted *Gose* and its subsequent application by the WCAC so broadly that he understood the phrase "claims arising out of the same transaction" to be essentially conflated with the phrase "all claims that accrue before entry of a final award." This is not the law. The WCAC confused the matter more by mistaking the transactional approach as being the narrower application of res judicata rejected by *Gose* in favor of a "broader" approach. According to the WCAC, this "broader" approach mandates that a claimant must

---

[1] It is noteworthy that if the magistrate had adjourned for amendment and later found that plaintiff was disabled by the first injury, then the delay would have wasted the parties' time and needlessly postponed plaintiff's recovery of benefits.

raise every issue that arises before final judgment or be barred from raising it in the future. Neither *Gose* nor general res judicata principles require so much. According to the WCAC's opinion, if it had applied the transactional approach rather than the "broader" approach of "any claim arising before the final award," it would have reversed the magistrate. Because the transactional approach was the correct legal approach, the WCAC should have applied it to this case.

Reversed.

MURPHY, P.J., concurred.

MURRAY, J. (*concurring*). I concur in the decision to reverse the Workers' Compensation Appellate Commission because, for the reasons stated by the majority opinion, under the transactional test adopted in Michigan, plaintiff's subsequent claim for benefits is not barred by res judicata. See *Adair v Michigan*, 470 Mich 105, 124-125; 680 NW2d 386 (2004). There is no doubt that the two unrelated injuries claimed by plaintiff would not create a convenient trial unit. *Id.* at 125.

However, it is important to point out what the limitations are, at least in my estimation, in the decision issued today. From a review of the rather sparse case law on the issue of res judicata in the workers' compensation field, it appears that the Supreme Court has concluded that subsequent claims for benefits can be successfully brought if the second claim is based on new or aggravated injuries that did not exist at the time the initial decision was made. See, e.g., *Gose v Monroe Auto Equip Co*, 409 Mich 147, 162; 294 NW2d 165 (1980), and *Hlady v Wolverine Bolt Co*, 393 Mich 368, 375-376; 224 NW2d 856 (1975). Thus, the *Gose* Court held that res judicata did bar the plaintiff's second

claim for benefits because it was based on the same injury as that in the first claim and was only premised on a different theory. *Gose, supra* at 163. And this is perfectly consistent with a common understanding of res judicata, because the original injury is not at issue in the second proceeding when it is a *changed* condition for which the plaintiff is seeking to recover benefits. Since the condition changed after the decision on the first claim, it could not have been presented in the first instance. *Thompson v Ford Motor Co,* 139 Mich App 177, 181-183; 362 NW2d 240 (1984); *Wood v Fabricators, Inc,* 189 Mich App 406, 417-418; 473 NW2d 735 (1991).

This case is somewhat different, in that plaintiff had suffered his second injury at least six months before the hearing on his first claim for benefits. Hence, plaintiff literally "could have" brought this injury before the magistrate at the time of the first hearing. Under the transactional test, however, he ultimately is not required to do so because of the significant differences in the time and origin of the two injuries, which are so diverse that it would not have allowed for a convenient trial of the issues. *Adair, supra* at 125; see, also, *Askew v Ann Arbor Pub Schools,* 431 Mich 714, 732-733; 433 NW2d 800 (1988) (BOYLE, J, concurring). In other words, it is the unique facts of this case, rather than an all encompassing rule of law, that allows plaintiff to continue with this second claim for benefits.

Therefore, in my view, nothing in the majority opinion detracts from the *Gose* Court's admonition that workers' compensation proceedings "would scarcely be enhanced by a construction [of res judicata] which would authorize piecemeal compensation for an injury." *Gose, supra* at 162. It is wise counsel to pursue all

claims in one proceeding unless, as in this case, the two claims are so unrelated that they could not have properly been tried together.