JAGER v ROSTAGNO TRUCKING COMPANY, INC

Docket No. 259046. Submitted September 7, 2006, at Lansing. Decided October 12, 2006, at 9:10 a.m. Leave to appeal sought.

Kenneth R. Jager received workers' compensation benefits for injuries he received while transporting logs as an employee of Rostagno Trucking Company, Inc. Rostagno Trucking was engaged in the trucking business, and was so classified for purposes of determining its workers' compensation premiums. Accident Fund Insurance Company of America was the workers' compensation insurer. The magistrate subsequently determined that the Accident Fund was entitled to reimbursement from the Silicosis, Dust Disease, and Logging Industry Compensation Fund (the logging fund) under MCL 418.531. The Workers' Compensation Appellate Commission (WCAC) reversed, concluding that the purpose of the logging fund was to protect the threatened logging industry and that reimbursement from the fund was not available because, while Jager was engaged in logging activity at the time of his injury, his employer was not in the logging business and did not pay premiums based on having employees classified under the classification code for that business referred to in MCL 418.501(4). Rostagno Trucking and the Accident Fund appealed by leave granted.

The Court of Appeals *held*:

The WCAC erred by considering the purpose of the logging fund in deciding the reimbursement issue. MCL 418.531(1) provides for reimbursement from the logging fund when an employee's injuries arose out of and in the course of employment in the logging industry. The definition of "employment in the logging industry" in MCL 418.501(4) adopts by reference the description in a workers' compensation manual for a specific classification code, which includes transportation of logs to a mill, as Jager was doing when injured. Thus, under the clear language of the statute and the provision incorporated by reference, Jager's injuries arose out of and in the course of his employment in the logging industry, regardless of whether Rostagno Trucking had paid higher premiums based on that classification code, and reimbursement from the logging fund is appropriate.

Reversed and remanded.

WORKERS' COMPENSATION — REIMBURSEMENT FOR BENEFITS PAID — LOGS AND TIMBER — SILICOSIS, DUST DISEASE, AND LOGGING INDUSTRY COMPENSATION FUND.

A workers' compensation carrier is entitled to reimbursement from the Silicosis, Dust Disease, and Logging Industry Compensation Fund for compensation paid for injuries to an employee that arose out of an in the course of his or her employment in the logging industry as described in the logging or lumbering and drivers code no. 2702 of the workmen's compensation and employers liability insurance manual in existence when the Legislature enacted 1980 PA 357 and 1982 PA 32, regardless of whether the employer paid workers' compensation premiums based on having employees classified within that code (MCL 418.501[4], 418.531[1]).

*Richard F. Zapala* for Rostagno Trucking Company, Inc.; and Accident Fund Insurance Company of America.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Dennis J. Raterink*, Assistant Attorney General, for the Silicosis, Dust Disease, and Logging Industry Compensation Fund.

Before: FORT HOOD, P.J., and BANDSTRA and DONOFRIO, JJ.

BANDSTRA, J. Defendants-appellants Rostagno Trucking Company, Inc., and Accident Fund Insurance Company of America appeal by leave granted an order of the Workers' Compensation Appellate Commission (WCAC) that reversed the magistrate's decision to grant the Accident Fund reimbursement from defendant-appellee Silicosis, Dust Disease, and Logging Industry Compensation Fund (the Logging Fund) under § 531 of the workers' compensation act, MCL 418.531. Workers' compensation payments were made to plaintiff Kenneth Jager as a result of injuries he received while transporting logs as an employee of Rostagno Trucking,

a company engaged in the trucking business and apparently classified as such for purposes of determining its workers' compensation premiums. We conclude that plaintiff's injuries arose out of and in the course of employment in the logging industry under MCL 418.531(1) and that, accordingly, the Accident Fund was entitled to reimbursement from the Logging Fund. We reverse the decision of the WCAC and remand.

FACTS AND PROCEEDINGS BELOW

The material facts here are not contested. At the time of the accident, Jager was employed by Rostagno Trucking, and his duties involved driving trucks and hauling logs. He regularly trucked poplar wood, pulp, and other raw forest products to sawmills. In September 1999, he was hauling wood from a storage lot to a paper mill in Wisconsin when he fell to the ground while taking chains off his load. The truck he was driving that day had "log plates" designated for vehicles that haul raw forest products.

The magistrate determined that, under these facts, the Accident Fund was entitled to reimbursement from the Logging Fund under MCL 418.531(1). The WCAC reversed that decision and determined that no reimbursement was required under the statute as a matter of law.

ANALYSIS

The WCAC must review the magistrate's decision under the "substantial evidence" standard, while we review the WCAC's decision under the "any evidence" standard. *Wolf v Gen Motors Corp*, 262 Mich App 1, 3; 683 NW2d 714 (2004). Accordingly, our review begins with the WCAC's decision, not the magistrate's. *Id*. at 4.

We treat the WCAC's factual findings as conclusive if there is any evidence supporting them and the WCAC did not misapprehend its administrative appellate role in reviewing the magistrate's decision. We review de novo questions of law in any WCAC order. A decision of the WCAC is subject to reversal if it is based on erroneous legal reasoning or the wrong legal framework. *Id.*

Rostagno Trucking voluntarily paid benefits to plaintiff through its workers' compensation insurer, the Accident Fund, which in turn sought reimbursement from the Logging Fund under § 531 of the workers' compensation act. MCL 418.531(1) provides in pertinent part:

> In each case in which a carrier including a self-insurer has paid, or causes to be paid, compensation for disability or death from silicosis or other dust disease, *or for disability or death arising out of and in the course of employment in the logging industry,* to the employee, the carrier including a self-insurer shall be reimbursed from the silicosis, dust disease, and logging industry compensation fund . . . . [Emphasis added.]

The statutory phrase "employment in the logging industry" is defined in MCL 418.501(4):

> As used in this chapter, "employment in the logging industry" means employment in the logging industry as described in the section in the workmen's compensation and employers liability insurance manual, entitled, "logging or lumbering and drivers code no. 2702," which is filed with and approved by the commissioner of insurance.

The "logging or lumbering and drivers code no. 2702" referred to specifies that it "[i]ncludes transportation of logs to mill" among other activities.

"The principle of statutory adoption or incorporation by reference is no stranger to Michigan." *Pleasant*

*Ridge v Governor*, 382 Mich 225, 244; 169 NW2d 625 (1969). When the Legislature adopts or incorporates by reference a provision of an existing statute, regulation, or rule, the separate provision that is adopted or incorporated becomes part of the legislative enactment as it existed at the time of the legislation, and any subsequent amendment of the incorporated provision has no effect. *Id.* at 244-245. With respect to the statutory scheme at issue here, these principles were applied in *Michigan Manufacturers Ass'n v Workers' Disability Compensation Bureau Director*, 134 Mich App 723, 729; 352 NW2d 712 (1984).[1] There, this Court held that the Legislature intended the version of the manual referred to in MCL 418.501(4), including the code no. 2702 that was in existence at the time 1980 PA 357 and 1982 PA 32 were enacted, to be the standard to determine employment in the logging industry. Any subsequent changes to the definition contained in the manual would not change the statutory definition of "employment in the logging industry." *Id.* at 728-729.[2]

Accordingly, the Accident Fund was entitled to reimbursement from the Logging Fund if the injuries to Jager arose out of and in the course of his employment in the logging industry, including the transportation of logs to a mill. That is precisely the activity in which Jager was engaged when his accidental injuries occurred. Thus, the magistrate correctly decided this case under the clear language of the statute and the classification code provision that it adopted by reference.

---

[1] Although this precedent does not bind us, MCR 7.215(J)(1), we conclude that it properly applied principles from *Pleasant Ridge* and other binding precedents with regard to the question presented.

[2] The record here does not show that code no. 2702 has been substantively changed.

The WCAC came to a different result by considering the "purpose of the [Logging] Fund," which it reasoned was "to protect a threatened industry," i.e., the logging industry. Accordingly, the WCAC reasoned that the Logging Fund would be liable to provide reimbursement under MCL 418.531(1) only if, in addition to the employee being engaged in logging activity at the time of the injury, the employer's business is logging and the employer has employees classified under code no. 2702. Given its determination that Rostagno Trucking had not made premium payments based on having employees classified within code no. 2702,[3] the WCAC determined that reimbursement was not mandated:

> The employer did not pay insurance premiums based on being in the logging industry, but would receive the benefits of the logging industry by receiving reimbursement from the Fund. In this case, the record establishes that the employer was insured under an industry code for "driver's trucking" not the logging industry. All of his employees, including plaintiff, were insured under this classification. As a result, the employer in this case was not within the purview of the legislation which seeks to protect the logging industry from ruinous compensation insurance rates. Thus, despite the fact Mr. Jager was engaged in activity relating to logging at the time of his injury, his overall work was not classified as part of the logging industry.

In adopting this approach, the WCAC relied on *Stottlemeyer v Gen Motors Corp*, 399 Mich 605; 250 NW2d 486 (1977), and *Felcoskie v Lakey Foundry Corp*, 382 Mich 438; 170 NW2d 129 (1969), which the WCAC characterized as employing "broad policy considerations" to determine whether reimbursement from the Logging Fund was required with respect to the dust

---

[3] For purposes of our analysis, we assume that to be the case, although the record on the issue is not clear.

diseases suffered by the employees in those cases. However, those precedents considered the purpose of the statute only because that was necessary to determine the meaning of the phrase "other dust disease" as used in the statute. Our Supreme Court reasoned that, because the purpose of the statute was to cushion certain threatened industries, and not to limit the liability of all employers if by happenstance any employee should suffer from a dust disease, the statute had to be interpreted as being limited to dust diseases posing a threat to an industry that is comparable to the threat posed by dust diseases to the mining, quarrying, and grinding industries. *Stottlemeyer, supra* at 612.

In contrast to the vague statutory phrase at issue in *Stottlemeyer* and *Felcoskie*, i.e., "other dust disease," the statute at issue here contains a specific definition of what constitutes employment in the logging industry. Given that clear language, which is not subject to interpretation, *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002), Jager's injuries arose out of and in the course of his employment in the logging industry under MCL 418.531(1) because, when the accident occurred, he was transporting logs to a mill as specified in code no. 2702.[4]

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[4] As our quotation from the WCAC opinion indicates, the WCAC considers it unfair or bad policy to allow reimbursement from the Logging Fund for the benefit of an employer that has not paid the higher premiums that would be required for employees classified under code no. 2702. Nonetheless, the statute does not condition reimbursement on payment of those premiums. Concerns such as the WCAC has must be addressed by the Legislature.