# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 9, 2008

133762

WAYLON E. GEE,
      Plaintiff-Appellee,

v

ARTHUR B. MYR INDUSTRIES, INC.,
      Defendant-Appellant.

SC: 133762
COA: 269351
WCAC: 03-000402

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On January 9, 2008, the Court heard oral argument on the application for leave to appeal the March 15, 2007 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals that res judicata did not bar the plaintiff's second application for attendant care benefits. The Worker's Compensation Appellate Commission denied the plaintiff's initial claim because the plaintiff failed to present proof on a required element of that claim. This decision of the WCAC became a final order. In his second application, the plaintiff did not claim and the WCAC did not find that the plaintiff's condition had changed for the worse. As a result, the Court of Appeals erred in concluding that the plaintiff's claim of attendant care benefits "was not an issue that was, or even could have been adjudicated in the initial proceeding." In addition, the Court of Appeals erred by concluding that this case is governed by *Ivezaj v Federal Mogul (On Remand),* 197 Mich App 462 (1992). The record shows that the award of attendant care benefits was based on an application by the plaintiff and not the providers of care. First, the record shows that although the care providers filed their applications 11 days before the hearing on the plaintiff's second application, defendant was not served with the care providers applications until November 18, 2003, two months after the magistrate's decision was mailed on September 11, 2003. Second, the magistrate's award was made retroactive to one year before plaintiff's application was filed, not one year before the care providers' applications were filed. See MCL 418.381(3). And third, none of the case captions in the lower courts have listed the care providers as parties, and the care providers did not testify at the hearing on the plaintiff's second application. As a result, the plaintiff's second claim is barred by res judicata.

WEAVER, J., dissents and states as follows:

I would deny leave to appeal and dissent from the peremptory order reversing the judgment of the Court of Appeals for the reasons stated in the Court of Appeals opinion, *Gee v Arthur B. Myr Industries, Inc*, unpublished opinion per curiam, decided March 15, 2007 (Docket No. 269351):

> This case comes to this Court on remand from our Supreme Court. Defendant appeals an April 12, 2005, order of the Worker's Compensation Appellate Commission ("WCAC") that affirmed a magistrate's award of attendant care benefits. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

> The WCAC summarized the procedural history of this case as follows:

> "Plaintiff initially injured his low back in the course of his employment with defendant on August 10, 1992. Benefits for that injury were paid voluntarily. Plaintiff filed an Application for Mediation or Hearing with the Bureau on March 27, 2000, claiming that he was totally and permanently disabled due to the residuals of the low back injury. By decision mailed July 9, 2001, Magistrate Barney found an injury date of August 10, 1992, ongoing disability resulting therefrom, further finding reflex sympathetic dystrophy (RSD) to be related to the 8/10/92 injury and awarded total and permanent disability benefits (T&P). The magistrate also ordered 'reasonable medical treatment related to plaintiff's injury.' Testimony on this issue of attendant care was taken at that time. However, the magistrate made no specific findings pertaining to attendant care.

> "Both parties appealed the magistrate's July 9, 2001 decision to the Commission. The main issue of that appeal was attendant care. Then-Commissioner Pryzbylo framed the arguments raised by the parties thusly:

>> 'Plaintiff and defendant appeal the decision of Magistrate Michael Barney, mailed July 9, 2001, granting plaintiff total and permanent disability benefits for his various conditions. Both parties present issues related to attendant care benefits. Plaintiff argues that the magistrate erred when he failed to include a ruling on plaintiff's request for attendant care benefits. To rectify the alleged error, plaintiff requests a remand that includes the opportunity to present further proof on the issue. Defendant responds arguing that plaintiff failed to enter any proofs of an appropriate rate for

attendant care and that the magistrate properly refused to order benefits because of that failure.'

"Noting that the magistrate 'did not directly rule on plaintiff's request for attendant care benefits,' the Commission provided the following rationale defending the magistrate's treatment of this issue:

> 'We find no error in the magistrate's procedure. Section 315 requires plaintiff to prove the reasonableness of any medical expense. Reasonableness includes an evaluation of the dollar amount involved. As the magistrate noted, plaintiff provided no proof of the cost. Without that proof, the magistrate properly excluded attendant care benefits. Recognizing his failure in proving the reasonableness of the attendant care, plaintiff requests a remand that allows him to enter the necessary proofs. Such remand would improperly advantage plaintiff and disadvantage defendant. We cannot ignore the legal consequence of plaintiff resting on his proofs at the conclusion of all hearings.'

"Both the Court of Appeals and Supreme Court denied plaintiff's subsequent Applications for leave to appeal the Commission's opinion. [*Gee v Arthur B. Myr Industries, Inc*, 2005 Mich ACO 101, p 2-3 (footnotes omitted).]"

Subsequently, plaintiff, his wife, and his mother filed applications seeking attendant care benefits. At a hearing on those applications, plaintiff presented the testimony of a registered nurse who opined that plaintiff needed 56 hours of attendant care per week to assist with bathing, grooming, meal preparation, and mobility. Plaintiff testified that his condition had progressively deteriorated since the initial proceedings, and that he spent virtually all of his time in the house, and 90% of that time in his bed, due to a lack of mobility. Plaintiff indicated that he did not want strangers in his home, and requested that the care his mother, wife, and daughter provided be recognized as compensable attendant care. Defendant presented the testimony of a registered nurse who opined that plaintiff was in need of attendant care services, but not necessarily for eight hours per day.

The magistrate concluded that, contrary to defendant's contention, the applications for attendant care benefits were not barred by res judicata. On the res judicata issue, the magistrate considered *Barnowksy v General Motors Corp*, unpublished opinion per curiam of the Court of Appeals,

issued December 21, 2001 (Docket No. 231169), to be "instructive," and *Ivezaj v Federal Mogul Corporation (On Remand)*, 197 Mich App 462, 464; 495 NW2d 800 (1992), to be "controlling." The magistrate concluded that plaintiff was entitled to attendant care benefits.

Defendant appealed the magistrate's award of attendant care benefits to the WCAC, and argued that the petitions for attendant care benefits were barred by res judicata. The WCAC disagreed and concluded that the magistrate's analysis and conclusions were proper.

Defendant sought leave to appeal to this Court, raising, among other things, a res judicata issue. Defendant's application for leave to appeal was denied for lack of merit in the grounds presented.[1]

Defendant then filed an application for leave to appeal to our Supreme Court. Our Supreme Court issued the following order:

"[P]ursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration, as on leave granted, of whether the current claim for attendant care benefits under MCL 418.315(1) is barred by the doctrine of res judicata. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court. [*Gee v Arthur B Myr Industries, Inc.*, 474 Mich 1098; 711 NW2d 75 (2006).]"

The issue of whether res judicata is applicable is a question of law that we review de novo. See *Banks v LAB Lansing Body Assembly,* 271 Mich App 227, 229; 720 NW2d 756 (2006). In *Banks, supra* at 229-230, this Court discussed res judicata as it applied to worker's compensation cases:

"The doctrine of res judicata applies to workers' compensation awards, because requiring the worker to 'present all of his available claims in a single proceeding is consistent with this purpose of adjudicating the worker's needs.' *Gose v Monroe Auto Equip Co*, 409 Mich 147, 162; 294 NW2d 165 (1980). A workers' compensation award is generally considered an adjudication of the injured worker's condition at the time it is entered, and it is "'conclusive of all matters adjudicable at that time . . . .'" *Hlady v Wolverine Bolt Co*, 393 Mich 368, 375-376; 224 NW2d 856 (1975), quoting 58 Am Jur, Workmen's Compensation, § 508. However, a claimant may later raise a different claim or modify an existing award if the employee's physical condition worsens. *Hlady, supra* at 376. These rules presuppose that some claims, although originating before the final award,

are not 'adjudicable' or 'available' to the litigant in one, initial adjudication."

We find no error warranting reversal. First, as noted by the magistrate and the WCAC, this Court has recognized that where a family member of an injured employee files a claim for reimbursement for nursing services provided to the injured employee in his or her own name, and not as a subrogee of the injured employee, res judicata is inapplicable. *Ivezaj*, *supra* at 464. In this case, plaintiff's wife and mother each filed her own application for attendant care benefits. As a result, under *Ivezaj*, *supra*, we find no legal error in the WCAC's conclusion that the doctrine of res judicata was inapplicable to the magistrate's granting of payment for attendant care to plaintiff's wife and mother.

Furthermore, the holding in *Ivezaj*, *supra*, notwithstanding, we find res judicata to be inapplicable because there has been a change in plaintiff's condition since the initial proceedings. As noted in *Banks, supra*, a claimant may later raise a different claim or modify an existing award if the employee's physical condition worsens. This is consistent with the general principle that res judicata is not a bar to a subsequent action where facts change or new facts develop. See *In re Hamlet (After Remand)*, 225 Mich App 505, 519; 571 NW2d 750 (1997), overruled in part on other grounds, 462 Mich 341 (2000). Here, plaintiff testified that his condition had worsened since 2001, and that was less able to care for himself than he was the last time he testified. Therefore, due to a change in facts, specifically the worsening of plaintiff's condition, the issue of plaintiff's current need for attendant care was not an issue that was, or even could have been, adjudicated in the initial proceedings.[2]

Affirmed.

---

[1] *Gee v Arthur B. Myr Industries, Inc*, unpublished order of the Court of Appeals, entered August 29, 2005 (Docket No. 262691).

[2] Defendant claims that the magistrate and the WCAC erred in relying upon Barnowsky, supra. However, because we find res judicata to be inapplicable notwithstanding Barnowsky, supra, we need not address this claim.

---

6

KELLY, J., dissents and states as follows:

The workers' compensation magistrate found that the award was based on the applications for attendant-care benefits filed by plaintiff's wife and mother. Not until it applied for leave in this Court did defendant argue that the magistrate erroneously relied on these applications. Therefore, I would not reverse on this basis. I would affirm the judgment of the Court of Appeals.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 9, 2008

_____
Clerk

d0409