# Order

Michigan Supreme Court
Lansing, Michigan

April 9, 2008

134445-46

ERIC A. BRAVERMAN, Successor Personal
Representative of the Estate of Patricia Swann,
Deceased,

        Plaintiff-Appellee,

v

GARDEN CITY HOSPITAL, a/k/a GARDEN
CITY HOSPITAL, OSTEOPATHIC,

        Defendant,

and

JOHN R. SCHAIRER, D.O., GARY
YASHINSKY, M.D., ABHINA V. RAINA, M.D.,
and PROVIDENCE HOSPITAL AND MEDICAL
CENTERS, INC.,

        Defendants-Appellants.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 134445-46
COA: 264029, 264091
Wayne CC: 05-502345-NH

By order of September 26, 2007, we granted leave to appeal the June 5, 2007 judgment of the Court of Appeals conflict panel. Having considered the briefs and having heard oral arguments on January 8, 2008, we AFFIRM the judgment of the Court of Appeals conflict panel. Plaintiff initially contends that *Mullins v St Joseph Mercy Hosp*, 741 NW2d 300 (2007), saves her complaint. *Mullins*, however, does not apply to this case because the savings period did not expire "between the date that *Omelenchuk* [*v City of Warren*, 461 Mich 567 (2000)] was decided and within 182 days after *Waltz* [*v Wyse*, 469 Mich 642 (2004)] was decided." *Id*. at 300-301. Nevertheless, plaintiff's complaint, filed by the successor personal representative within two years of his appointment, was timely under *Eggleston v BioMedical Applications of Detroit, Inc*, 468

Mich 28; 658 NW2d 139 (2003).[1] Moreover, plaintiff, as successor personal representative, may rely on the notice of intent filed by the previous personal representative because the office of personal representative is a "person" under MCL 600.2912b. *Res judicata* does not bar plaintiff's complaint because no lawsuit filed prior to the present case was dismissed with prejudice. Moreover, the subsequent lawsuit was dismissed solely because the present lawsuit was pending. *Washington v Sinai*, 478 Mich 412; 733 NW2d 755 (2007).

---

[1] Defendants argue that *Lindsay v Harper Hospital*, 455 Mich 56 (1997), should apply. However, *Lindsay* relied on the Revised Probate Code, and in particular on then-current MCL 700.179, which indicated that a temporary personal representative who was reappointed personal representative "shall be accountable as though he were the personal representative from the date of appointment as temporary personal representative." *Lindsay*, *supra* at 66. After *Lindsay* was decided, the Revised Probate Code was repealed and replaced by the Estates and Protected Individuals Code. MCL 700.8102(c). The Estates and Protected Individuals Code does not contain a provision similar to MCL 700.179. Therefore, the holding of *Lindsey*, which relied on this statutory provision, no longer controls.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 9, 2008

Clerk

t0402