HICKS v VAUGHT

Docket No. 88788. Submitted January 6, 1987, at Detroit. Decided February 4, 1987.

Mary L. Hicks filed suit in Wayne Circuit Court against Marilyn J. Vaught alleging defendant was liable in tort under the no-fault act for noneconomic losses arising from a serious impairment of body function. Defendant moved for summary disposition contending that plaintiff's injuries did not meet the serious impairment threshold. The trial court, Patrick J. Duggan, J., granted defendant's motion and subsequently denied plaintiff's motions for a rehearing and to amend her complaint to allege intentionally caused harm. Plaintiff appealed from the trial court's denial of her motion to amend the complaint.

The Court of Appeals held:

The exception for intentionally caused harm to the abolition of tort liability under the no-fault act requires a person sought to be deemed liable to have intended to cause harm to a person or property and not merely to have intended to do the act which caused the harm. In this case, plaintiff had failed to plead any facts which show that defendant intended to cause harm to plaintiff and the trial court did not abuse its discretion in denying plaintiff's motion to amend her complaint because any such amendment would have been futile.

Affirmed.

INSURANCE — NO-FAULT — INTENTIONALLY CAUSED HARM.

The exception for intentionally caused harm to the abolition of tort liability under the no-fault act requires that the person sought to be deemed liable intended to cause harm to a person or property and not merely to do the act which caused the harm (MCL 500.3135[2][a]; MSA 24.13135[2][a]).

*Gerald R. Hershberger,* for plaintiff.

REFERENCES

Am Jur 2d, Insurance §§ 708, 709.

Construction and application of provision of liability insurance policy expressly excluding injury intended or expected by insured. 31 ALR4th 957.

*Dickinson, Brandt, Hanlon, Becker & Lanctot* (by *Thomas R. Present*), and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh*), Attorneys of Counsel, for defendant.

Before: CYNAR, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

PER CURIAM. Plaintiff-appellant (hereinafter plaintiff) sued defendant claiming serious impairment of a body function, MCL 500.3135(1); MSA 24.13135(1). The trial court granted defendant's motion for summary disposition. At the motion for summary disposition, plaintiff claimed that her complaint could be read as alleging an intentionally caused harm, MCL 500.3135(2)(a); MSA 14.13135(2)(a), thereby allowing her to recover in a tort action even though she had not met the no-fault threshold. The trial court rejected plaintiff's argument. Thereafter plaintiff moved for rehearing on the no-fault threshold issue and also moved to amend her complaint to allege intentionally caused harm. The trial court denied both motions. Plaintiff now appeals as of right only from the trial court's denial of her motion to amend. We affirm. We note that we need not address the effect of our Supreme Court's recent decision in *DiFranco v Pickard*, 427 Mich 32; 398 NW2d 896 (1986), because plaintiff has not raised a no-fault threshold issue on appeal.

MCL 500.3135(2)(a); MSA 24.13135(2)(a) provides:

Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle . . . is abolished except as to:

(a) Intentionally caused harm to persons or property. Even though a person knows that harm to persons or property is substantially certain to be

caused by his or her act or omission, the person *does not cause or suffer such harm intentionally if* he or she acts or refrains from acting for the purpose of averting injury to any person, including himself or herself, or for the purpose of averting damage to tangible property.

We agree with defendant's claim that this statute unambiguously requires a person to intend to cause harm to a person or property and not merely, as plaintiff contends, intend to do the act which causes the harm. See and compare *Frechen v Detroit Automobile Inter-Ins Exchange,* 119 Mich App 578; 326 NW2d 566 (1982). Having read plaintiff's complaint we agree with defendant's contention that plaintiff failed to plead any facts which show that defendant intended to cause harm to plaintiff. We hold that the trial court did not abuse its discretion in denying plaintiff's motion to amend because any such amendment would have been futile. See *Rathbun v Starr Commonwealth for Boys,* 145 Mich App 303, 316-317; 377 NW2d 872 (1985), lv den 424 Mich 908 (1986).

Affirmed.