PER CURIAM.
Under the Michigan no-fault automobile insurance act, MCL 500.3101 et seq., intentional conduct resulting in harm strips an insured tortfeasor of the immunity from liability otherwise given by the act. Here, the insured’s conduct was found to be wilful and wanton. The Court of Appeals held that such conduct was not the equivalent of intentional misconduct and, so, the insured retained the immunity from liability granted by the act. We affirm the decision of the Court of Appeals, but for different reasons.
i
While attending a Christmas party in 1997, defendant Donald York drank for six or seven hours. York called his wife to pick him up because he was concerned about his ability to drive safely. But he later changed his mind and decided that he could drive himself home. On the way home, he failed to stop at a stop sign and collided with an ambulance owned by DVA Ambulance Company. DVA was insured by plaintiff American Alternative Insurance Company, which paid DVA $61,000 for damage to the ambulance. American then filed this action, seeking reimbursement from York.
*30 York defended on the basis that, under the Michigan no-fault insurance act, as a tortfeasor in an automobile accident, he was immune from tort liability. The trial court disagreed with York. It found his conduct wilful and wanton, which it determined was equivalent to intentional conduct. Thus, the court concluded that York was not immune from suit under the no-fault act and he was liable to American. On appeal, the Court of Appeals reversed the decision of the trial court, concluding, in essence, that the actions of York were not sufficiently wilful and wanton to be intentional.
ii
This case involves the interpretation of statutory language. Matters of statutory interpretation are reviewed under a de novo standard. DiBenedetto v West Shore Hosp, 461 Mich 394, 401; 605 NW2d 300 (2000). Dispositive in this case is the rule of statutory construction that if the language of the statute is clear and unambiguous, no interpretation is necessary and the court must follow the clear wording of the statute. Cruz v State Farm Mut Automobile Ins Co, 466 Mich 588, 594; 648 NW2d 591 (2002); City of Lansing v Lansing Twp, 356 Mich 641, 649; 97 NW2d 804 (1959).
in
As part of the automobile no-fault insurance system enacted in 1972,[1] our Legislature at MCL 500.3135 abolished tort liability for harm caused while owning, maintaining, or using a motor vehicle in Michigan. The primary exception to this broad immunity was that a suit could be maintained when there was a death, serious impairment of body function, or permanent *31 serious disfigurement. Another exception, relevant here, was when the tortfeasor had intentionally caused harm. The Legislature defined this exception at MCL 500.3135(3), saying it encompassed:
(a) Intentionally caused harm to persons or property. Even though a person knows that harm to persons or property is substantially certain to be caused by his or her act or omission, the person does not cause or suffer that harm intentionally if he or she acts or refrains from acting for the purpose of averting injury to any person, including himself or herself, or for the purpose of averting damage to tangible property. [Emphasis added.]
This subsection contains two sentences. The first sentence sets out the general class of injuries for which the tortfeasor is liable, i.e., harm that is intentionally caused. The second sentence then presents an exception to this class: when the tortfeasor is attempting to avert injury, he is not liable for harm even if the harm was substantially certain to result. Harm resulting from an attempt to avert injury is not “intentionally caused.”
In this case, the insured did not act in an attempt to avert injury. We must therefore determine if the class of harm defined by the first sentence of the subsection, “[ijntentionally caused harm,” applies.
In reviewing the trial court’s determination that defendant’s wilful and wanton conduct was equivalent to intentional conduct, the Court of Appeals attempted to qualify Citizens Ins Co of America v Lowery, 159 Mich App 611, 616-618; 407 NW2d 55 (1987), and thus engaged in a discussion of the common-law distinctions between the tort concepts of “wilful and wanton” and intentional. The Court stated:
With some qualification, we are not persuaded by defendant’s claim that Lowery was wrongly decided. Where the statutory language is clear and unambiguous, the statute
*32 does not need interpretation and must be enforced as written. Roberts v Mecosta Co General Hosp, 466 Mich 57, 63; 642 NW2d 663 (2002). Because § 3135 used the phrase “intentionally caused harm,” and that phrase is unambiguous, we must enforce it as written. Therefore, the phrase “wilful and wanton” may be substituted for “intentional” only to the extent that it has the same meaning as “intentional.” As the above quotations from Lowery and Boumelhem [v Bic Corp, 211 Mich App 175, 185; 535 NW2d 574 (1995)] suggest, “wilful and wanton” is generally equated with “intentional.” Therefore, to the extent that Lowery equates “wilful and wanton” with “intentional,” we agree with the decision in Lowery. However, to the extent that “wilful and wanton” is read to include conduct less than intentional, such as recklessness, then the decision in Lowery improperly interpreted the statute and cannot stand. Therefore, we agree with Lowery to the extent that it employs a meaning of “wilful and wanton” that is synonymous with “intentional” and we limit its holding accordingly. [252 Mich App 76, 79-80; 650 NW2d 729 (2002).]
The gist of this is, as we read it, that while much intentional conduct is wilful and wanton, not all wilful and wanton conduct is intentional. Be that as it may, this case lends itself to a simpler analysis.
The Legislature, in speaking so clearly in § 3135(3), made unmistakable its intent to define where immunity was lost. As set out in the statute, the test is: was the harm intentionally caused.[2] The statute makes no reference to “wilful and wanton.” Accordingly, in analyzing § 3135(3)(a), the courts are to review only whether the defendant intended to cause the harm that resulted.
As to the instant case, while there is evidence that York was intoxicated, there is none to support a finding *33 that he actually intended to collide with the ambulance and cause damage to it. Thus, under the language of the statute, because York did not intend to cause damage to the ambulance, he is immune from suit. Therefore, the Court of Appeals correctly determined that the trial court’s finding was clearly erroneous. MCR 2.613(C).
The trial court and the Court of Appeals applied the wrong legal standards. However, because the Court of Appeals reached the correct result, we affirm the Court of Appeals decision for the reasons stated herein.
Corrigan, C.J., and Cavanagh, Weaver, Kelly, Taylor, and YOUNG, JJ., concurred.

 1972 PA 29.4.

 This test is accurately stated in Hicks v Vaught, 162 Mich App 438, 440; 413 NW2d 28 (1987), which the Court of Appeals, for whatever reason, did not discuss.