MARKMAN, J.
(concurring). I concur. Although I agree with the result reached by the majority, I find its analysis inadequate because it fails at all to address plaintiffs’ principal argument — that “intentionally caused harm” in the first sentence of MCL 500.3135(3)(a) is defined, by implication in the second sentence, and, as a result, encompasses not only “intentionally caused harm,” but also harm that is “substantially certain” to occur.[1]
*34 Section 3135(3) enumerates several circumstances in which an insured tortfeasor may be held liable for a vehicular accident, despite the automobile no-fault act’s broad personal immunity from tort liability. Section 3135, in particular, provides:
(3) Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle ... is abolished except as to:
(a) Intentionally caused harm to persons or property. Even though a person knows that harm to persons or property is substantially certain to be caused by his or her act or omission, the person does not cause or suffer that harm intentionally if he or she acts or refrains from acting for the purpose of averting injury to any person, including himself or herself, or for the purpose of averting damage to tangible property.
While the second sentence in subsection (a) conceivably can be read to imply that the “intentionally caused harm” standard of the first sentence is to be defined with reference to a state of mind in which a person is *35 “substantially certain” that an outcome will result from particular conduct, I do not believe that this is the better reading of this provision. Rather, “intentionally caused harm” should be given its ordinary meaning, one that requires purposefulness on the part of the driver, rather than a mere awareness of probabilities. That is, absent some special definition of “intentionally” in the statute, it should be assumed that “intentionally” means “intentionally.” People v Morey, 461 Mich 325, 330; 603 NW2d 250 (1999).[2] Although the Legislature is free to define words to mean something other than what they ordinarily mean, it nonetheless should be assumed that words possess their ordinary meanings unless clearly defined in a contrary manner.
While it might, not unreasonably, be argued that the second sentence of subsection (a) attempts to redefine “intentionally” by impliedly equating it with “substantially certain,” such an implication, in my judgment, is simply too obscure in this context to overcome the presumption that words should be understood by their ordinary meanings. Here, in the case of a term, “intentionally,” that has a longstanding and well-defined meaning ranging across a variety of discrete areas of the law,[3] § 3135(3) fails to communicate with sufficient *36 clarity that the term here is to be given an alternative and inconsistent meaning. Instead, the statute leaves such a conclusion to be drawn only by negative inference from what is clearly an awkward phraseology.[4]
Although I believe that the purpose of the prefatory clause in the second sentence is merely to introduce an exception to the rule of the first sentence, rather than to serve as a definitional clause for the first sentence, this purpose is considerably less clear than it might have been. Therefore, I do not view plaintiffs’ proposed interpretation as unreasonable, but simply as less reasonable than that adopted by the majority. Choosing among these interpretations requires this Court to select among imperfect alternatives.
Although § 3135 (3) (a) is certainly crafted more awkwardly than it might have been, I believe that the majority’s interpretation of this provision is the more reasonable interpretation, and I therefore concur with the majority.

 At oral argument, both parties essentially contended that § 3135(3)(a) should be understood in such a manner. Kevin Sralla, plaintiffs’ attorney, stated:
Or if you do something where you know that you’re substantially certain to hit the other truck and there’s no element of acting to avert harm, then I think that also would he an intentional act. And that’s precisely the reason why I think the Legislature contemplated a broader umbrella for intentional acts because it used the words “substantially certain.” It didn’t say if you intend to do something, it said “substantially certain.”
In his opening statement, William Schultz, defendant’s attorney asserted:
*34 The Legislature intended by that particular language [in the second sentence] then to provide that there was a status of misconduct that did not get immunity. That misconduct includes and includes only intended actions where the person knows that harm is substantially certain to occur as the result of that person’s conduct.
Later, Mr. Schultz stated:
I don’t believe that you can read in harmony the second [sentence] of [§ 3135(3)(a)] with an argument that in all cases there is no immunity only if there is an intended action that results in intended harm. In other words, we agree that in order to read [the first and second sentences] in harmony, there has to be a concession that there is some conduct less than the true intentional tort for which the person does not get the immunity provided by the no-fault act. Otherwise, it seems to us, that second [sentence] of the statute is unnecessary.

 See In re Certified Question (Kenneth Henes v Biomass Ind, Inc), 468 Mich 109, 114; 659 NW2d 597 (2003) (defining “intentional,” for purposes of MCL 600.2961[5][b], in accordance with the Random House Webster’s College Dictionary [1991] [“done with intention or on purpose; intended”]). See also Cruz v State Farm Mut Automobile Ins Co, 466 Mich 588, 595; 648 NW2d 591 (2002); Hicks v Vaught, 162 Mich App 438, 440; 413 NW2d 28 (1987).

 See, e.g., Travis v Dreis & Krump Mfg Co, 453 Mich 149, 171; 551 NW2d 132 (1996) (opinion by Boyle, J.) (concluding that an “intentional tort,” for purposes of MCL 418.131[1], occurs, not where the “employer is only substantially certain that injury will result from his acts,” but only where the employer has “in mind a purpose to bring about given *36 consequences”); Auto-Owners Ins Co v Churchman, 440 Mich 560, 573; 489 NW2d 431 (1992) (holding that the insured’s actions satisfied an insurance policy’s exclusionary clause, which exempted coverage for “bodily injury or property damage expected or intended by an insured person,” because the insured “purposely went to [the victim’s] house and shot him four times at close range”); People v Dykhouse, 418 Mich 488, 502; 345 NW2d 150 (1984) (stating that a “very high risk of death” intent is insufficient to satisfy first-degree murder, which is a specific intent crime requiring proof of a defendant’s intention to take a life); Book Furniture Co v Chance, 352 Mich 521, 526-527; 90 NW2d 651 (1958) (holding that “[w]aiver is the intentional relinquishment of a known right----The usual manner of waiving a right is by acts which indicate an intention to relinquish it,... or by so neglecting and failing to act as to induce a belief that it was the intention and purpose to waive.”).

 I surmise that the drafters of this provision sought to restate the rule of the first sentence in the prefatory clause to the second sentence, but sought also to avoid the awkwardness of repeating the language of the first sentence in so doing. Unfortunately, their resummarization was imprecise and has engendered confusion.