GRAY v CHROSTOWSKI

Docket No. 303536. Submitted March 16, 2012, at Detroit. Decided
December 6, 2012, at 9:05 a.m. Leave to appeal denied, 494 Mich
860.

Lindsey R. Gray brought an action in the Genesee Circuit Court
against Gary A. Chrostowski, seeking to recover damages under
the no-fault act, MCL 500.3101 *et seq.* Plaintiff alleged that
defendant intentionally and purposefully collided with her car
while both parties were driving on the highway. At the time of the
accident plaintiff's vehicle was uninsured. Defendant filed a mo-
tion for partial summary disposition, arguing that plaintiff was
barred from recovering noneconomic benefits under MCL
500.3135(2)(c) because she did not have security for the vehicle at
the time of the accident as required by MCL 500.3101. The court,
Judith A. Fullerton, J., agreed and granted defendant partial
summary disposition, concluding that plaintiff's failure to main-
tain insurance coverage on her vehicle precluded recovery of
noneconomic damages under MCL 500.3135(2)(c). Plaintiff ap-
pealed.

The Court of Appeals *held*:

There are two exceptions to the general rule that the no-fault
act abolished tort liability for harm caused while owning, main-
taining, or using a motor vehicle in Michigan. The threshold
exception to tort immunity, MCL 500.3135(1), allows an injured
party to recover damages for noneconomic losses if he or she has
suffered death, serious impairment of body function, or permanent
serious disfigurement. The intentional-act exception, MCL
500.3135(3)(a), allows an injured party to recover noneconomic
damages from the at-fault driver if he or she intentionally caused
the harm to person or property. However, the uninsured-motorist
restriction, MCL 500.3135(2)(c), states that damages may not be
assessed to a party if he or she did not have insurance as security
in effect at the time the injury occurred. The court erred by
granting defendant partial summary disposition. The language of
the uninsured-motorist restriction clearly refers to the threshold
exception, and the restriction applies only to tort claims arising
under the threshold exception, MCL 500.3135(1), of the no-fault
act. The court also erred by concluding that the uninsured-

motorist restriction barred plaintiff from recovering noneconomic damages for defendant's alleged intentional acts under § 3135(3)(a). The language of MCL 500.3135(3)(a) explicitly provides that in spite of any other provision of law, the no-fault act's grant of immunity from tort liability does not extend to liability arising from a defendant's intentional conduct.

Reversed and remanded for further proceedings.

INSURANCE — NO-FAULT — TORT LIABILITY — UNINSURED-MOTORIST RESTRICTION — INTENTIONALLY CAUSED HARM.

There are two exceptions to the general rule that the no-fault act abolished tort liability for harm caused while owning, maintaining, or using a motor vehicle in Michigan; the threshold exception to tort immunity, MCL 500.3135(1), allows an injured party to recover damages for noneconomic losses if he or she has suffered death, serious impairment of body function, or permanent serious disfigurement; the intentional-act exception, MCL 500.3135(3)(a), allows an injured party to recover noneconomic damages if the at-fault driver intentionally caused the harm to person or property; the uninsured-motorist restriction, MCL 500.3135(2)(c), states that damages may not be assessed in favor of a party if he or she did not have insurance as security in effect at the time the injury occurred; the uninsured-motorist restriction applies only to tort claims arising under the threshold exception, MCL 500.3135(1) of the no-fault act; the language of MCL 500.3135(3)(a) explicitly provides that in spite of any other provision of law, the no-fault act's grant of immunity from tort liability does not extend to liability arising from a defendant's intentional conduct.

*Peter M. Bade* for Lindsey R. Gray.

*Law Office of Joseph S. Harrison, P.C.* (*by Joseph S. Harrison*), for Gary A. Chrostowski.

Before: BORRELLO, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's order granting defendant partial summary disposition pursuant to MCR 2.116(C)(10). The trial court granted defendant's motion after concluding that plaintiff's cause of action was barred under MCL 500.3135(2)(c), a provi-

sion of the no-fault act, because plaintiff's vehicle was uninsured at the time defendant is alleged to have intentionally driven his vehicle into plaintiff's vehicle causing an accident that resulted in damages. For the reasons set forth in this opinion, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

### I. FACTS AND PROCEDURAL HISTORY

On August 19, 2010, plaintiff filed a complaint seeking to recover noneconomic damages[1] arising from an alleged incident of "road rage." Specifically, plaintiff alleged that on January 2, 2009, she was driving a Honda Civic northbound on the inside lane of US-23, a two-lane highway located in Livingston County, when defendant quickly approached her vehicle and began to tailgate her. Plaintiff claimed that defendant drove his vehicle into the outside lane, drove parallel to her vehicle and glared angrily at her. Plaintiff alleged that defendant then, "intentionally turned his vehicle directly into the path of plaintiff's vehicle," and "purposefully" collided with plaintiff's vehicle causing her to lose control of the vehicle and violently crash into the median. Plaintiff claimed that defendant "intentionally and purposefully" caused her harm. In an affidavit, plaintiff claimed that at the time of the accident, defendant "appeared to be extremely angry and highly agitated" and he made an "aggressive, threatening gesture" at plaintiff. According to plaintiff, defendant then "purposefully turned his vehicle into my lane, as if to bump me out of his way" and defendant's vehicle struck the right side of plaintiff's vehicle.

---

[1] The parties stipulated to dismiss plaintiff's claims for economic damages.

Michael Fontaine, an eyewitness, averred in an affidavit that he was driving on US-23 on the day of the incident when he saw the driver of a black Kia Spectra operating his vehicle at a high rate of speed in an "extremely hazardous manner." Fontaine stated that the Kia swerved in front of his vehicle and "overcompensated by turning sharply to the left." According to Fontaine, the Kia then collided with a Honda Civic causing the Civic to violently crash into the median. After the accident, Fontaine observed the driver of the Kia stop his vehicle and look in the direction of the Civic before fleeing the scene. Another witness, Ty Hovey, averred in an affidavit that he observed the driver of a black Kia Spectra pull into a Mobil gas station at or about the time of the accident on January 2, 2009. Hovey averred that the Kia had a flat tire and the driver of the vehicle asked him for a ride to Fenton. Hovey agreed, and stated that during the ride to Fenton, he noticed the man smelled of alcohol, had glassy eyes and slurred speech, and was not fully coherent.

After plaintiff admitted in a response to an interrogatory that her vehicle was uninsured at the time of the incident, defendant moved for partial summary disposition. Resolution of defendant's motion turned on the trial court's application of MCL 500.3101(1) and MCL 500.3135, provisions of the no-fault act, MCL 500.3101 *et seq.* Specifically, MCL 500.3101(1) requires motorists to maintain no-fault insurance coverage on their vehicles whenever the vehicle is "driven or moved upon a highway." MCL 500.3135 provides motorists a cause of action in tort for the recovery of noneconomic damages arising from an automobile accident as follows:

> (1) A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has

suffered death, serious impairment of body function, or permanent serious disfigurement.

(2) For a cause of action for damages pursuant to subsection (1) filed on or after July 26, 1996, all of the following apply:

\* \* \*

(c) Damages shall not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred *and did not have in effect for that motor vehicle the security required* by [MCL 500.3101] at the time the injury occurred.

(3) Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by [MCL 500.3101] was in effect is abolished *except as to*:

(a) Intentionally caused harm to persons or property. . . .

(b) Damages for noneconomic loss as provided and limited in subsections (1) and (2). [Emphasis added.]

Defendant argued that because plaintiff did not maintain insurance on her vehicle at the time of the accident, as required under MCL 500.3101, plaintiff was precluded from recovering non-economic damages pursuant to MCL 500.3135(2)(c). Plaintiff responded, arguing that defendant did not have any tort immunity under the no-fault act because defendant had intentionally caused her harm. Plaintiff further argued that although the no-fault act abolished tort liability in general, pursuant to MCL 500.3135(3)(a), the no-fault act did not abolish tort liability for damages arising from "intentionally caused harm to persons or property." Plaintiff claimed that her cause of action did not arise under the no-fault act, but rather involved an intentional tort—assault and battery; therefore, MCL 500.3135(2)(c) did not preclude recovery.

Following a hearing in which both parties reasserted their arguments, the trial court granted defendant's motion for partial summary disposition. The trial court concluded that plaintiff's failure to maintain insurance coverage for her vehicle precluded her recovery of noneconomic damages under MCL 500.3135(2)(c). The court concluded, "you can't bring an action - - any type of action on a motor vehicle ... without having a security in place." This appeal ensued.

## II. STANDARD OF REVIEW

On appeal, plaintiff contends that the trial court erred in holding that her cause of action was barred under MCL 500.3135(2)(c) and erred in granting defendant's motion for partial summary disposition on that basis.

We review de novo a trial court's ruling on a motion for summary disposition to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). In reviewing a motion under MCR 2.116(C)(10), we review the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact. *Id.* at 120. "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006). Summary disposition is appropriate "[w]here the proffered evidence fails to establish a genuine issue regarding any material fact, [and] the moving party is entitled to judgment as a matter of law." *Maiden*, 461 Mich at 120.

This case requires that we interpret and apply the applicable provisions of the no-fault act. The construction and application of a statute involves questions of law that we review de novo. *Klooster v City of Char-*

*Ievoix*, 488 Mich 289, 295; 795 NW2d 578 (2011). "The primary goal of statutory interpretation is to give effect to the Legislature's intent, focusing first on the statute's plain language." *Id*. at 296. "Statutory provisions must be read in the context of the entire act, giving every word its plain and ordinary meaning." *Driver v Naini*, 490 Mich 239, 247; 802 NW2d 311 (2011). "When the language is clear and unambiguous, we will apply the statute as written and judicial construction is not permitted." *Id*.

### III. ANALYSIS

Apart from certain enumerated exceptions, the no-fault act "abolished tort liability for harm caused while owning, maintaining, or using a motor vehicle in Michigan." *American Alternative Ins Co, Inc v York*, 470 Mich 28, 30; 679 NW2d 306 (2004). However, relevant to this case, the Legislature included two exceptions to the broad grant of immunity that allow an injured motorist to recover non-economic damages arising from the use, operation, or maintenance of an automobile. *Id*. at 30-32. In particular, MCL 500.3135(1) provides a threshold exception to tort immunity in relevant part as follows:

> (1) A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.

In addition to the threshold exception, MCL 500.3135(3) provides in relevant part as follows:

> (3) *Notwithstanding any other provision of law, tort liability* arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by [MCL 500.3101] was in effect *is abolished except as to:*

(a) *Intentionally caused harm to persons or property.* . . .

(b) Damages for noneconomic loss as provided and limited in subsections (1) and (2). [Emphasis added.]

Although the Legislature included both the threshold exception and the intentional-act exception to general tort immunity in MCL 500.3135, subsection (2) of that section precludes an uninsured motorist from recovering noneconomic damages in relevant part as follows:

(2) For a cause of action for damages pursuant to [MCL 500.3135(1)] filed on or after July 26, 1996, all of the following apply:

* * *

(c) Damages shall not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by [MCL 500.3101] at the time the injury occurred.

The scope of this restriction is at issue in the present case. Specifically, defendant contends that MCL 500.3135(2)(c) precludes an uninsured motorist from recovering noneconomic damages arising from an automobile accident, irrespective of whether the plaintiff's action arises under the threshold exception, i.e., MCL 500.3135(1), or the intentional-act exception under MCL 500.3135(3)(a). Plaintiff, in contrast, argues that the uninsured-motorist restriction in MCL 500.3135(2)(c) is limited to claims that arise under the threshold exception, whereas claims to recover damages for intentionally caused harm involve tort claims that arise outside the no-fault act and are not limited by the uninsured-motorist restriction. Given these conflicting arguments, we proceed with a closer examination of the language of the applicable statutory provisions.

A plain reading of the language in MCL 500.3135(2)

indicates that the uninsured-motorist restriction is limited to claims arising under MCL 500.3135(1), i.e. the threshold exception. In particular, the first sentence of subsection (2) states, "For a cause of action for damages *pursuant to subsection (1)* . . . , all of the following apply[.]" This language clearly limits the scope of subsection (2) to threshold claims arising under subsection (1). Specifically, the phrase "pursuant to" is defined in relevant part as "[i]n compliance with; in accordance with; under[;] . . . [a]s authorized by . . . ." Black's Law Dictionary (9th ed). See *Risko v Grand Haven Charter Twp Zoning Bd of Appeals*, 284 Mich App 453, 460; 773 NW2d 730 (2009) ("Because undefined terms must be given their plain and ordinary meanings, it is proper to consult a dictionary to define terms."). Thus, the statutory language in § 3135(2) clearly indicates that the uninsured-motorist restriction set forth in subsection (2)(c) is exclusive to actions that arise under § 3135(1). The restriction has no bearing on a cause of action to recover for intentionally caused harm. See *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 748; 641 NW2d 567 (2002) ("The Legislature is presumed to have intended the meaning it plainly expressed . . . ."). Indeed, had the Legislature intended to limit an uninsured motorist's ability to recover damages arising from intentionally caused harm, it could have included language in subsection (2) indicating as much. Instead, subsection (2)'s exclusive reference to subsection (1) is indicative of the Legislature's intent that subsection (2)(c) apply solely to threshold claims arising under subsection (1). See *Hoerstman Gen Contracting, Inc, v Hahn*, 474 Mich 66, 74; 711 NW2d 340 (2006) (noting that under the maxim *expressio unius est exclusio alterius*, the express reference of one thing in a statutory provision implies the exclusion of other similar things).

Moreover, the language in MCL 500.3135(3) indicates that the uninsured-motorist restriction in § 3135(2)(c) is

inapplicable in instances in which a plaintiff files a claim to recover damages arising from intentionally caused harm. Specifically, MCL 500.3135(3)(a) provides: "*[N]otwithstanding any other provision of law*, tort liability ... is abolished *except as to* ... [intentionally caused harm]." (emphasis added). This language is broad and unequivocal. "Notwithstanding" means "in spite of; without being opposed or prevented by[.]" *Random House Webster's College Dictionary* (1997). Accordingly, pursuant to the explicit language of subsection (3), irrespective of or in spite of any other provision of law, including § 3135(2)(c) and other provisions of the no-fault act, tort liability remains in effect for intentionally caused harm. The no-fault act's grant of immunity does not extend to tort liability arising from a defendant's intentional conduct. As noted by our Supreme Court: "The Legislature, in speaking so clearly in § 3135(3), made unmistakable its intent to define where immunity was lost. As set out in the statute, the test is: was the harm intentionally caused." *American Alternative Ins Co*, 470 Mich at 32; see also, *Hicks v Vaught*, 162 Mich App 438, 439-440; 413 NW2d 28 (1987) (noting that then MCL 500.3135(2)(a), now codified in MCL 500.3135(3)(a), unambiguously requires a person to intend to do harm to another person for the provision to apply).

Further, while § 3135(3)(b) provides that tort liability is abolished except as to "damages for noneconomic loss *as provided and limited in [MCL 500.3135(1) and (2)]*," that paragraph does not limit recovery of noneconomic damages that arise from intentionally caused harm. (Emphasis added.) As noted, § 3135(3)(a) strips a defendant of tort immunity for intentionally caused harm "notwithstanding any other provision of law." There is no limiting language placed in this provision and there is no other language that indicates the Legislature intended the provision to be contingent on the uninsured-motorist restric-

tion set forth in § 3135(2)(c). In addition, as previously discussed, the plain language of § 3135(2) indicates that the uninsured-motorist restriction is limited to claims arising under the threshold exception in § 3135(1). Accordingly, we decline to read a restriction into § 3135(3)(a) because it is not contained in the plain language of that portion of the statute. See *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002) ("[A] court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.").

In sum, pursuant to the plain language of the statutory provisions at issue, we conclude that MCL 500.3135(2)(c) bars an uninsured motorist from recovering noneconomic damages for claims that arise under the threshold exception to tort immunity set forth in MCL 500.3135(1). In contrast, MCL 500.3135(2)(c) does not preclude an uninsured motorist from recovering noneconomic damages arising from intentionally caused harm under MCL 500.3135(3)(a). Accordingly, in this case, the trial court erred when it concluded plaintiff's claim was barred pursuant to MCL 500.3135(2)(c), and erred by granting defendant's motion for partial summary disposition on that basis. Therefore, reversal and remand for further proceedings is appropriate.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff having prevailed, may tax costs pursuant to MCR 7.219.

BORRELLO, P.J., and BECKERING and GLEICHER, JJ., concurred.