# STATE OF MICHIGAN

# COURT OF APPEALS

MAHMOUD DIALLO,

        Plaintiff-Appellant,

v

KELLY LAROCHELLE, Personal Representative
of the Estate of KENNETH WROZEK,

        Defendant-Appellee,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

FOR PUBLICATION
May 5, 2015
9:10 a.m.

No. 319680
Allegan Circuit Court
LC No. 12-051007-ND

Before: METER, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

In this no-fault insurance action, plaintiff (a Georgia resident) appeals the trial court's December 4, 2013 order, granting State Farm Mutual Automobile Insurance Company's motion for summary disposition under MCR 2.116(C)(8). We affirm.

On April 16, 2011, at approximately 2:45 a.m., Joseph Carrington was driving a truck southbound in the southbound lane of US 131 in Dorr Township, Allegan County, Michigan. Plaintiff was the owner of the truck that Carrington was driving. Wrozek was driving his vehicle northbound in the southbound lane of US 131. Wrozek's vehicle struck plaintiff's truck head on. Plaintiff alleged that at the time of the collision, Wrozek's blood alcohol level was .20 and he had morphine in his blood. Plaintiff alleged that Wrozek was a Michigan resident and that State Farm was Wrozek's insurer.

Plaintiff notified State Farm by letter that plaintiff had made a claim to State Farm for damages resulting from losses arising from the collision. In this letter, plaintiff acknowledged that State Farm had denied this claim and that State Farm had cited MCL 500.3135(3)(e) to support its position that the maximum amount payable to plaintiff under the no-fault act was $500. However, plaintiff argued in this letter that State Farm was obligated to pay plaintiff's

-1-

claim for economic loss pursuant to MCL 500.3135(3)(d). State Farm responded to plaintiff, stating that MCL 500.3135(3)(d) did not apply to plaintiff's claim. In response, plaintiff sent State Farm another letter, again stating that plaintiff's claim was valid pursuant to MCL 500.3135(3)(d).

Ultimately, plaintiff filed a complaint in the trial court against State Farm and the Estate of Wrozek.[1] In his complaint, plaintiff alleged that Wrozek's driving at the time of the collision breached his duty of care to plaintiff, that this breach caused harm to plaintiff, and that State Farm—as Wrozek's insurer—was obligated to pay the damages resulting from this harm. Plaintiff alleged that his damages included the complete loss of his vehicle and loss of income resulting from plaintiff's inability to lease the vehicle. Plaintiff argued that he was entitled to these damages under MCL 500.3135(3)(d). State Farm admitted that it insured Wrozek, but argued that plaintiff was not entitled to benefits under MCL 500.3135(3)(d) because that statute did not pertain to collision damage to a motor vehicle or to lost income resulting from such damage. State Farm asserted that plaintiff's claim was barred pursuant to MCL 500.3135(3)(e), which limited plaintiff's claim to $500; and, because State Farm already paid plaintiff $500 in damages, State Farm alleged that plaintiff had no claim for further damages. Plaintiff subsequently filed a motion for summary disposition pursuant to MCR 2.116(C)(9) and MCR 2.116(C)(10). State Farm responded with its own motion for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10),[2] which was granted by the trial court pursuant to MCR 2.116(C)(8). This appeal followed.

Plaintiff argues that, because he is not seeking personal protection benefits and instead is suing for economic damages, MCL 500.3165(3)(d), which provides an exception to the no-fault act's abolition of tort liability, applies in this case. We disagree. This Court reviews de novo a trial court's decision regarding a motion for summary disposition. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008), reh den 481 Mich 882 (2008). "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a complaint." *Gillie v Genesee Co Treasurer*, 277 Mich App 333, 344; 745 NW2d 137 (2007). "The motion should be granted if no factual development could possibly justify recovery." *Beaudrie v Henderson*, 465

---

[1] LaRochelle, the personal representative of the estate, was not named as a party in the complaint, because the estate did not exist at the time plaintiff filed the complaint. As a result, State Farm raised an affirmative defense to the complaint, stating that direct actions against insurers are prohibited pursuant to MCL 500.3030. However, instead of asking the trial court to dismiss State Farm from the complaint, making plaintiff open an estate, and waiting for the estate to give notice to State Farm, the parties ultimately stipulated that the trial court's ruling would act as a declaratory judgment regarding State Farm's liability to the deceased driver rather than a direct judgment against State Farm, resolving any procedural issues under MCL 500.3030. After the estate was opened, LaRochelle was named as the personal representative and joined this case as the defendant-appellee.

[2] It is noted that the motion stated that State Farm was moving pursuant to MCR 2.116(I)(2); however, based on its arguments, it is clear that State Farm actually moved for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10).

Mich 124, 130; 631 NW2d 308 (2001). In addition, questions of statutory interpretation and application are questions of law that this Court reviews de novo. *Farmers Ins Exch v AAA of Mich*, 256 Mich App 691, 694; 671 NW2d 89 (2003).

"A party injured through the ownership, operation, maintenance, or use of a motor vehicle must seek recovery within the strictures of the no-fault act." *Gunsell v Ryan*, 236 Mich App 204, 208; 599 NW2d 767 (1999), overruled on other grounds *Frazier v Allstate Ins Co*, 490 Mich 381, 384; 808 NW2d 450 (2011). "The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance." MCL 500.3101. With few exceptions, under the no-fault act, MCL 500.3101 *et seq.*, "tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by [MCL 500.3101] was in effect is abolished . . . ." MCL 500.3135(3); see also *American Alternative Ins Co, Inc v York*, 470 Mich 28, 30; 679 NW2d 306 (2004) ("As part of the automobile no-fault insurance system enacted in 1972, our Legislature at MCL 500.3135 abolished tort liability for harm caused while owning, maintaining, or using a motor vehicle in Michigan.") (citation omitted).

In this case, it is not disputed that plaintiff's alleged injuries (loss of his truck) arose through Wrozek's "ownership, operation, maintenance, or use of a motor vehicle . . . ." *Gunsell*, 236 Mich at 208. Therefore, plaintiff "must seek recovery within the strictures of the no-fault act." *Id.* It is also not disputed that the security required by MCL 500.3101 was in effect when plaintiff sustained his alleged injuries. Therefore, according to the strictures of the no-fault act, defendants are immune from tort liability unless an exception applies. *American Alternative Ins Co*, 470 Mich at 30. The only issue in this case is whether an exception applies allowing plaintiff to sue defendant in tort for his economic damages. The exception at issue in this case is set forth in MCL 500.3135(3)(d), which states as follows:

> Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by [MCL 500.3101] was in effect is abolished except as to:
>
> * * *
>
> (d) Damages for economic loss by a nonresident in excess of the personal protection insurance benefits provided under [MCL 500.3163(4)]. Damages under this subdivision are not recoverable to the extent that benefits covering the same loss are available from other sources, regardless of the nature or number of benefit sources available and regardless of the nature or form of the benefits. [MCL 500.3135(3)(d).]

-3-

MCL 500.3163(4) states as follows:

> If an insurer of an out-of-state resident is required to provide benefits under subsections (1)[3] and (3)[4] to that out-of-state resident for an accident in which the out-of-state resident was not an occupant of a motor vehicle registered in this state, the insurer is only liable for the amount of ultimate loss sustained up to $500,000.00. Benefits under this subsection are not recoverable to the extent that benefits covering the same loss are available from other sources, regardless of the nature or number of benefit sources available and regardless of the nature or form of the benefits. [MCL 500.3163(4).]

To resolve the issue whether MCL 500.3135(3)(d) provides plaintiff an exception to the no-fault act's abolition of tort liability, MCL 500.3135(3)(d) and MCL 500.3163(4) must be interpreted. The primary goal of statutory construction is to determine the intent of the Legislature by reasonably considering the purpose and goal of the statute. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). To determine the Legislature's intent, this Court looks at the specific language of the statute. *Gauntlett v Auto-Owners Ins Co*, 242 Mich App 172, 177; 617 NW2d 735 (2000). Construction of a statute is appropriate where reasonable minds could differ regarding the statute's meaning. *Id.* If the language of the statute is unambiguous, however, then no further construction is required and "the statute must be enforced as written." *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999), reh den 461 Mich 1205 (1999). "A statute is not ambiguous merely because a term is undefined. . . ." *Mayor of Cadillac v Blackburn*, 306 Mich App 512, 516; 857 NW2d 529 (2014).

This Court "presume[s] that every word of a statute has some meaning and must avoid any interpretation that would render any part of the statute surplusage or nugatory." *Mich Farm Bureau v Dep't of Environmental Quality*, 292 Mich App 106, 132; 807 NW2d 866 (2011). "As far as possible, effect should be given to every sentence, phrase, clause, and word." *Id.* When

---

[3] "An insurer authorized to transact automobile liability insurance and personal and property protection insurance in this state shall file and maintain a written certification that any accidental bodily injury or property damage occurring in this state arising from the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle by an out-of-state resident who is insured under its automobile liability insurance policies, is subject to the personal and property protection insurance system under this act." MCL 500.3163(1).

[4] "Except as otherwise provided in subsection (4), if a certification filed under subsection (1) or (2) ["A nonadmitted insurer may voluntarily file the certification described in subsection (1)."] applies to accidental bodily injury or property damage, the insurer and its insureds with respect to that injury or damage have the rights and immunities under this act for personal and property protection insureds, and claimants have the rights and benefits of personal and property protection insurance claimants, including the right to receive benefits from the electing insurer as if it were an insurer of personal and property protection insurance applicable to the accidental bodily injury or property damage." MCL 500.3163(3).

the Legislature "incorporates by reference a provision of an existing statute," that provision becomes part of the statute. *Jager v Rostagno Trucking Co, Inc*, 272 Mich App 419, 423; 728 NW2d 467 (2006), lv den 477 Mich 1108 (2007). This Court may consult a dictionary to define terms that are undefined in the statute. *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). Further, "[t]erms contained in the no-fault act are read 'in light of its legislative history and in the context of the no-fault act as a whole.' " *Proudfoot v State Farm Mut Ins Co*, 254 Mich App 702, 708; 658 NW2d 838 (2003), vacated on other grounds 469 Mich 476 (2003) (quotation marks omitted), quoting *Guantlett*, 242 Mich App at 179. Courts should not abandon common sense when construing a statute. *Id.*

First, personal protection benefits are described in MCL 500.3107. *Amy v MIC Gen Ins Corp*, 258 Mich App 94, 98 n 2; 670 NW2d 228 (2003), rev'd on other grounds *Stewart v State*, 471 Mich 692 (2004), reh den 471 Mich 1213 (2004). Therefore, the phrase "personal protection benefits" needs no interpretation. *Hayes v Neshewat*, 477 Mich 29, 35; 729 NW2d 488 (2007) ("When a statute specifically defines a given term, that definition alone controls."). Specifically, personal protection benefits are for expenses such as those incurred for an injured person's care, lost income from work that an injured person would have performed within three years after the accident, and expenses for services in lieu of the services the injured person would have performed if not for the injury. MCL 500.3107(1). This Court has interpreted the term "nonresident" under the no-fault act to refer to a person who is a resident of a state other than Michigan. *McGhee v Helsel*, 262 Mich 221, 222; 686 NW2d 6 (2004). The no-fault act does not define the term "economic loss;" therefore, a dictionary may be used. *Koontz*, 466 Mich at 312. Economic loss is "[a] monetary loss such as lost wages or lost profits." *Black's Law Dictionary* (10th ed).

Next, under the specific language of MCL 500.3135(3)(d), *Gauntlett*, 242 Mich App at 177, tort liability is abolished except as to "[d]amages for economic loss by a nonresident in excess of the personal protection insurance benefits provided under [MCL 500.3163(4)]." MCL 500.3135(3)(d). This provision must be looked at as a whole to avoid rendering any part of it surplusage or nugatory. *Mich Farm Bureau*, 292 Mich App at 132. When looked at as a whole, it is clear that the provision contains the restrictive clauses "by a nonresident" and "in excess of the personal protection insurance benefits provided under [MCL 500.3163(4)]." MCL 500.3135(3)(d). According to the last antecedent rule of statutory construction, "a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent, unless something in the statute requires a different interpretation." *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, L.L.C.*, 282 Mich App 410, 414; 766 NW2d 874 (2009). For example, in *Greater Bethesda*, this Court interpreted the meaning of MCR 3.602(I), which stated that "[a]n arbitration award filed with the clerk of the court designated in the agreement or statute within one year after the award was rendered may be confirmed by the court . . . ." *Id.* at 412. Pursuant to the last antecedent rule, this Court concluded that the phrase "within one year after the award was rendered" applied to the immediately preceding reference to the filing of the award with the court clerk. *Id.* at 414. It did not apply to the subsequent reference to confirmation by the court, so as to require that the confirmation (rather than filing) occur within the one year period. *Id.*

In MCL 500.3135(3)(d), the phrase "[d]amages for economic loss" is the last antecedent before the phrases "by a nonresident" and "in excess of the personal protection insurance

benefits provided under [MCL 500.3163(4)]." MCL 500.3135(3)(d). Pursuant to the last antecedent rule, the phrases "by a nonresident" and "in excess of the personal protection insurance benefits provided under [MCL 500.3163(4)]" apply to the phrase "[d]amages for economic loss." *Greater Bethesda Healing Springs Ministry*, 282 Mich App at 414. Therefore, the phrase "[d]amages for economic loss" refers to damages for economic loss "by a nonresident in excess of the personal protection insurance benefits provided under [MCL 500.3163(4)]." *Id.* So, plaintiff as a non-resident could only recover for economic damage in excess of the benefits provided under MCL 500.3163(4).

This conclusion is supported under the legal maxim known as *expressio unius est exclusio alterius*. *Hoestman Gen Contracting, Inc v Hahn*, 474 Mich 66, 74; 711 NW2d 340 (2006). This maxim means "the expression of one thing is the exclusion of another." *Id.* at 74 n 8. For example, in *Gray v Chrostowski*, 298 Mich App 769, 771; 828 NW2d 435 (2012), the plaintiff alleged that the defendant intentionally caused her harm by purposefully colliding with her vehicle. The plaintiff did not maintain insurance on her vehicle, and attempted to bring suit against the defendant under MCL 500.3135(3)(a), which is an exception to the no-fault act's abolition of tort liability and applies in cases of "[i]ntentionally caused harm to persons or property." *Id.* at 773, quoting MCL 500.3135(3)(a). The defendant argued that the plaintiff's claim was barred pursuant to MCL 500.3135(2)(c), which stated in relevant part as follows: "For a cause of action for damages pursuant to [MCL 500.3135(1)] . . . [d]amages shall not be assessed in favor of a party who was operating his or her own vehicle" without insurance as required under MCL 500.3101. *Id.* However, citing the maxim *expressio unius est exclusio alterius*, this Court held that because MCL 500.3135(2)(c) exclusively referenced causes of action under MCL 500.3135(1), this indicated that the Legislature intended to limit the application of MCL 500.3135(2)(c) solely to claims arising under MCL 500.3135(1). *Id.* at 777. This Court noted as follows: "Indeed, had the Legislature intended to limit an uninsured motorist's ability to recover damages arising from intentionally caused harm, it could have included language in [MCL 500.3135(2)] indicating as much." *Id.* Therefore, this Court held that MCL 500.3135(2)(c) did not bar a cause of action under MCL 500.3135(3)(a). *Id.* at 779.

In this case, the Legislature mentioned "damages for economic loss" and then in the same sentence stated "in excess of the personal protection insurance benefits provided under [MCL 500.3163(4)]." MCL 500.3135(3)(d). Pursuant to *expressio unius est exclusio alterius*, this indicates that the Legislature intended the phrase "damages for economic loss" to refer only to economic losses in excess of losses provided for through personal protection insurance benefits under MCL 500.3136(4) and no other economic damages may be pursued under MCL 500.3135(3)(d). *Gray*, 298 Mich App at 777. The term "excess" is defined as "[t]he amount or degree by which something is greater than another." *Black's Law Dictionary* (10th ed). The verb "provide" means "to make available" or "to supply or equip[.]" *Random House Webster's College Dictionary* (1991). If the Legislature had intended MCL 500.3135(3)(d) to permit a cause of action in tort for economic loss separate from consideration of the personal protection insurance benefits provided under MCL 500.3163(4), it could have used language indicating as much. *Gray*, 298 Mich App at 777. The fact that the Legislature did not use such language indicates that the Legislature intended the phrase "damages for economic loss" to refer only to those damages over or greater than those supplied under MCL 500.3163(4). *Id.*

In addition, interpreting MCL 500.3135(3)(d) to allow a nonresident to sue for economic damages of a type other than the personal protection benefits provided under MCL 500.3163(4) would be to abandon common sense, and common sense should not be abandoned in statutory construction. *Guantlett*, 242 Mich App at 179. Specifically, under MCL 500.3135, residents of Michigan cannot sue for such economic damages; therefore, it would lack common sense to construe MCL 500.3135(3)(d) as allowing nonresidents to sue for such economic damages. *Id.* And, such an interpretation would contravene one of the purposes of the no-fault act, which is to reduce the number of personal injury tort suits related to motor vehicles. *Proudfoot*, 254 Mich App at 707. Interpreting MCL 500.3135(3)(d) in such a way as to contravene this purpose would violate the rule that "[t]erms contained in the no-fault act are read in light of its legislative history and in the context of the no-fault act as a whole." *Id.* at 708 (quotation marks omitted).

Next, because MCL 500.3163(4) is incorporated by reference into MCL 500.3135(3)(d), this Court must interpret MCL 500.3163(4) to fully understand the Legislature's intent in MCL 500.3135(3)(d). *Jager*, 272 Mich App at 423. In other words, MCL 500.3135(3)(d) only applies to damages for economic loss exceeding the personal protection benefits provided under MCL 500.3163(4); therefore, to determine precisely what damages for economic loss MCL 500.3135(3)(d) refers to, this Court must determine what personal protection benefits are provided under MCL 500.3163(4). *Id.* MCL 500.3163(4) states in relevant part as follows:

> If an insurer of an out-of-state resident is required to provide benefits under [MCL 500.3163(1)] and [MCL 500.3163(3)] to that out-of-state resident for an accident in which the out-of-state resident was not an occupant of a motor vehicle registered in this state, the insurer is only liable for the amount of ultimate loss sustained up to $500,000.00. [MCL 500.3163(4).]

Because MCL 500.3163(1) and MCL 500.3163(3) are referenced in MCL 500.3163(4), this Court must ascertain their meanings to interpret the meaning of MCL 500.3163(4). *Jager*, 272 Mich App at 423. The Michigan Supreme Court has interpreted MCL 500.3163(1) to require insurers licensed to transact automobile liability insurance in Michigan to file a certificate. *Mills v Auto-Owners Ins, Inc*, 413 Mich 567, 569; 321 NW2d 651 (1982). This certificate certifies that accidental bodily injury or property damage occurring in Michigan resulting from the use of a motor vehicle by a nonresident whom the insurer insures will be subject to the no-fault act. MCL 500.3163(1). This Court has interpreted MCL 500.3163(1) to subject such an insurer to "the rights and immunities under the no-fault act for personal and property protection . . . ." *Tienda v Integon Nat'l Ins Co*, 300 Mich App 605, 613; 834 NW2d 908 (2013), quoting *Tevis v Amex Assurance Co*, 283 Mich App 76, 85; 770 NW2d 16 (2009). Likewise, this Court has interpreted MCL 500.3163(3) to mean that, when an insurer files a certificate pursuant to MCL 500.3136(1), not only is that insurer subject to the rights and benefits of the no-fault act, but that insurer's insured and its claimants also have such benefits. *Tevis*, 283 Mich App at 84-85. Thus, the Legislature intended under MCL 500.3163(4) that when an insurer is required to provide benefits under the no-fault act pursuant to MCL 500.3163(1) or MCL 500.3163(3) "for an accident in which the out-of-state resident was not an occupant of a motor vehicle registered in this state, the insurer is only liable for the amount of ultimate loss sustained up to $500,000.00." MCL 500.3163(4).

-7-

To summarize, if an insurer of a nonresident is required to provide benefits under the no-fault act pursuant to MCL 500.3163(1) or MCL 500.3163(3), then the insurer is liable for an amount no greater than $500,000. MCL 500.3163(4). If an insured person or a claimant has economic loss that would have been provided under MCL 500.3163(4) as personal protection insurance benefits but for the $500,000 limit, that person may bring an action in tort under MCL 500.3135(3)(d) for the amount of economic loss above the $500,000 limit unless such damages are recoverable from other sources. MCL 500.3135(3)(d); *Greater Bethesda Healing Springs Ministry*, 282 Mich App at 414; *Gray*, 298 Mich App at 771.

In this case, it is clear that MCL 500.3135(3)(d) does not provide plaintiff a cause of action. Because plaintiff was never provided personal protection benefits under MCL 500.3163(4), it is impossible for plaintiff to be entitled to pursue economic damages in excess of those provided under MCL 500.3163(4). As discussed *supra*, MCL 500.3135(3)(d) provides an exception to the no-fault act's abolition of tort liability only to the extent a plaintiff is suing for economic loss that exceeds benefits already provided for under MCL 500.3163(4). *Greater Bethesda Healing Springs Ministry*, 282 Mich App at 414; *Gray*, 298 Mich App at 771. Because plaintiff is not attempting to bring suit for economic loss in excess of benefits already provided for under MCL 500.3163(4), MCL 500.3135(3)(d) does not apply and plaintiff has no cause of action under that statute. *Greater Bethesda Healing Springs Ministry*, 282 Mich App at 414; *Gray*, 298 Mich App at 771. Therefore, there is "no factual development [that] could possibly justify recovery" and the trial court did not err in granting State Farm's motion for summary disposition under MCR 2.116(C)(8). *Beaudrie*, 465 Mich at 130.

Affirmed. Defendant may tax costs.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Mark T. Boonstra

-8-