# STATE OF MICHIGAN

# COURT OF APPEALS

330 S. CEDAR STREET LLC,

     Plaintiff-Appellant,

UNPUBLISHED
January 26, 2017

v

CARL SCHOLZ and SCHOLZ AUTO PARTS, INC.,

     Defendants-Appellees.

No. 329260
Lapeer Circuit Court
LC No. 14-048193-ND

Before: BECKERING, P.J., and SAWYER and SAAD, JJ.

PER CURIAM.

In this case to recover monetary damages for harm done to an automated car wash facility, plaintiff appeals the trial court's order that granted summary disposition in favor of defendants. For the reasons provided below, we affirm.

Plaintiff owns and operates a car wash facility at 330 South Cedar Street, Imlay City, Michigan. The car wash has one automatic, touchless bay and four self-service bays. The car wash is not attended. Defendant[1] drove a vehicle onto plaintiff's property to purchase a car wash. When defendant attempted to use plaintiff's automated car wash, his vehicle got stuck and when he tried to extricate the vehicle, severe damage resulted to the equipment and door of the car wash. After causing the damage, defendant left the scene without reporting the incident to law enforcement authorities.

In its amended complaint, plaintiff alleged three counts against defendant: negligence, gross negligence, and intentional damage to property. Plaintiff claimed that the damages included structural building damage and damage to the automated car wash system components. Defendants asserted in their motion for summary disposition that plaintiff's claims were barred by immunity granted by Michigan's no-fault act, MCL 500.3101 *et seq.*, because plaintiff could provide no evidence that defendant intentionally caused the harm that resulted to plaintiff's car wash facility. The trial court agreed with defendants and, while relying on MCL 500.3135(3)(a),

---

[1] Our use of the singular term "defendant" throughout this opinion refers to defendant Carol Scholz.

-1-

granted defendants' motion for summary disposition pursuant to both MCR 2.116(C)(7) and (C)(10).

Plaintiff argues on appeal that the trial court erred because a genuine issue of material fact exists regarding whether defendant acted intentionally within the meaning of MCL 500.3135(3)(a) when he damaged plaintiff's car wash facility. This Court reviews a grant of summary disposition de novo. *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013). In accordance with MCR 2.116(C)(7), a party may file a motion to dismiss a lawsuit when "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of . . . immunity granted by law[.]" "When considering a motion brought under MCR 2.116(C)(7), it is proper for this Court to review all the material submitted in support of, and in opposition to, the plaintiff's claim." *Bronson Methodist Hosp v Allstate Ins Co*, 286 Mich App 219, 222; 779 NW2d 304 (2009). "In determining whether a party is entitled to judgment as a matter of law pursuant to MCR 2.116(C)(7), a court must accept as true a plaintiff's well-pleaded factual allegations, affidavits, or other documentary evidence and construe them in the plaintiff's favor." *Id.* at 222-223.

This Court reviews de novo a trial court's decision regarding a motion for summary disposition pursuant to MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, to determine whether the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118-119; 597 NW2d 817 (1999). In doing so, this Court considers "the pleadings, admissions, and other evidence submitted by the parties in a light most favorable to the nonmoving party." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* A genuine issue of material fact exists "when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). This Court reviews de novo the proper interpretation of statutes. *Taylor v Kent Radiology, PC*, 286 Mich App 490, 515; 780 NW2d 900 (2009).

In enacting MCL 500.3135, our Legislature "abolished tort liability for harm caused while owning, maintaining, or using a motor vehicle in Michigan." *American Alternative Ins Co, Inc v York*, 470 Mich 28, 30; 679 NW2d 306 (2004). "The primary exception to this broad immunity was that a suit could be maintained when there was a death, serious impairment of body function, or permanent serious disfigurement." *Id.* at 30-31. Our Legislature, however, enacted another exception that is relevant in this case, MCL 500.3135(3)(a), which pertains to when a tortfeasor has intentionally caused harm. *Id.* at 31. MCL 500.3135(3)(a) provides:

> (3) Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by [MCL 500.3101] was in effect is abolished except as to:
>
> (a) Intentionally caused harm to persons or property. Even though a person knows that harm to persons or property is substantially certain to be caused by his or her act or omission, the person does not cause or suffer that harm intentionally if he or she acts or refrains from acting for the purpose of averting

-2-

injury to any person, including himself or herself, or for the purpose of averting damage to tangible property.

Our Supreme Court, while interpreting MCL 500.3135(3)(a), stated,

The first sentence sets out the general class of injuries for which the tortfeasor is liable, i.e., harm that is intentionally caused. The second sentence then presents an exception to this class: when the tortfeasor is attempting to avert injury, he is not liable for harm even if the harm was substantially certain to result. Harm resulting from an attempt to avert injury is not intentionally caused." [*American Alternative Ins Co*, 470 Mich at 31.]

Here, there is no evidence and no suggestion that defendant acted to avert injury. Thus, the sole question before us is whether the evidence shows that defendant "intentionally caused harm" to plaintiff's property. In other words, the inquiry is focused on "whether the defendant intended to cause the harm that resulted." *Id.* at 32. Importantly, evidence of an intent to do the act which causes the harm is insufficient; there must be intent to cause harm. *Hicks v Vaught*, 162 Mich App 438, 440; 413 NW2d 28 (1987).

Plaintiff argues that there is ample evidence to create a genuine issue of material fact regarding whether defendant acted intentionally, within the meaning of MCL 500.3135(3)(a), when he damaged the car wash. Plaintiff contends that the evidence shows that once defendant's vehicle was stuck in the automatic car wash bay, defendant took it upon himself to forcibly move the vehicle through the car wash, which caused the damage. Plaintiff also relies on the contention that defendant fled the scene after he destroyed the car wash and later lied about it. Plaintiff asserts that these facts created a question of fact and the trial court erred when it granted summary disposition in favor of defendant.

In sworn deposition testimony, defendant admitted that he caused the damage in the car wash when his vehicle got stuck in the automatic bay, but he denied that he intentionally caused the damage and stated that he did not know why his truck got caught or how the damage happened when the car wash door fell on his truck. In his deposition testimony, the owner of plaintiff car wash, Lawrence Dail, testified that after defendant paid $8 for a car wash, he intentionally drove his truck, which was not an appropriate size for the automatic bay, into the automatic bay and got stuck. Dail also testified that defendant caused extensive damage to the car wash door and equipment when he intentionally backed out of the bay. But Dail also expressly testified that he had no reason to think that defendant intentionally caused the damage to the car wash facility. We conclude that, even when reviewing the evidence in the light most favorable to plaintiff, the trial court's determination is correct—defendant "perhaps exercised poor judgment" when he entered and exited the car wash and thereby caused damage to the car wash door and equipment, but plaintiff failed to present any evidence that defendant actually intended to cause the resulting harm.

In sum, we hold that the trial court properly found that the evidence did not support the contention that defendant intentionally caused the harm that resulted to plaintiff's car wash facility. Accordingly, because plaintiff's claims were barred under MCL 500.3135(3)(a), the trial court did not err when it granted summary disposition in favor of defendants.

-3-

Affirmed. Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.


/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Henry William Saad