*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

LATASHA NELSON,

        Plaintiff-Appellant,

v

KWADWO OWUSU, HIZMO TRUCKING, LLC, and PROGRESSIVE MICHIGAN INSURANCE COMPANY,

        Defendants-Appellees.

UNPUBLISHED
September 15, 2022

No. 358984
Wayne Circuit Court
LC No. 17-012095-NI

Before: CAVANAGH, P.J., and GARRETT and YATES, JJ.

PER CURIAM.

Plaintiff, Latasha Nelson, bought a Kia Forte and insured the vehicle by adding her name and her vehicle to an automobile-insurance policy of her former boyfriend, Christopher Johnstone, even though plaintiff and Johnstone did not live together. Shortly thereafter, plaintiff and the Kia Forte were struck by a truck driven by defendant Kwadwo Owusu and owned by defendant Hizmo Trucking, LLC. Defendant Progressive Michigan Insurance Company (Progressive) initially paid first-party no-fault benefits to plaintiff under the policy, but Progressive eventually rescinded that policy based on fraud in the procurement of coverage for plaintiff and her vehicle. The trial court authorized rescission by Progressive and foreclosed recovery from Owusu and Hizmo Trucking because plaintiff was an uninsured motorist at the time of the collision. On appeal of those two rulings rendered on summary disposition under MCR 2.116(C)(10), we reverse and remand.

## I. FACTUAL BACKGROUND

We have seen this case before. When it was previously before us, we offered the following detailed summary of the salient facts:

> Plaintiff and [Christopher] Johnstone previously had a dating relationship. At the time of the events of this case, plaintiff lived in Sterling Heights and Johnstone lived in Hillsdale. Plaintiff and Johnstone both assert that they never lived together at Johnstone's Hillsdale address, but that plaintiff occasionally spent a few days at Johnstone's home. On those occasions, plaintiff parked her car at his home.

-1-

In December 2016, Johnstone obtained a no-fault insurance policy from Progressive. In January 2017, plaintiff purchased a Kia Forte. Plaintiff testified that while at the Kia dealership, she was told that she would need proof of insurance to purchase the vehicle. She called Johnstone, who told her to call his insurance agent, Cory Richardson of Stop 1 Insurance Agency (Stop 1). When plaintiff called Richardson, he told her that the request to add her and the Kia to Johnstone's policy needed to be made by Johnstone, as the policy holder.

Plaintiff waited at the dealership while Johnstone called Richardson and requested that plaintiff and the Kia be added to his policy. Richardson then called plaintiff and asked for her identification, registration, and payment. Plaintiff sent a copy of her driver's license to Richardson, which showed her address in Sterling Heights. Plaintiff testified during her deposition that she told Richardson that she did not live with Johnstone, and that he assured her that it was not a problem to add her to Johnstone's policy, stating "that's okay, we do this all the time." Plaintiff denied that Richardson told her that Johnstone needed to own the vehicle, or that she needed to be living at Johnstone's home, for her to be added to his insurance policy.

Johnstone testified that when plaintiff purchased the Kia, she asked him to add her to his insurance policy because she could not afford her own policy. Johnstone testified that he called Richardson and explained the situation, and the agent told him that "they do that all the time." Johnstone maintained that he told Richardson that he and plaintiff lived at different addresses, and that the agent told him that it did not matter. Johnstone also testified that at the time plaintiff was added to his policy, he and plaintiff were no longer dating.

Richardson testified that Stop 1 arranges the issuance of insurance policies from various insurers, including Progressive. With regard to adding plaintiff to Johnstone's policy, Richardson recalled that the Kia dealership called him, and he spoke with plaintiff and told her that he would need to speak to Johnstone because he was the policy holder.

Richardson then spoke to Johnstone by telephone. Richardson testified that he told Johnstone that plaintiff could not be added as an additional driver on Johnstone's policy unless Johnstone had a financial interest in the new vehicle or plaintiff resided with Johnstone. He recalled that Johnstone told him that he did not have a financial interest in plaintiff's vehicle, but that plaintiff was his girlfriend and lived with him. Richardson explained that Johnstone seemed hesitant when providing this information, and he therefore asked Johnstone to electronically sign the household members acknowledgment statement, which stated that all of the information he had given regarding members of his household was accurate. Richardson testified that he did not ask plaintiff whether she lived with Johnstone, and instead relied on Johnstone's statement that plaintiff lived with him. Richardson testified that he was concerned when he received a copy of plaintiff's driver's license stating an address different from Johnstone's address. Richardson processed the application, and plaintiff was added to Johnstone's policy.

Approximately one month after purchasing the Kia, plaintiff was driving the vehicle when, while stopped at a traffic light in Detroit, her vehicle was struck by a truck driven by defendant Kwadwo Owusu and owned by defendant Hizmo Trucking. Plaintiff claimed injuries as a result of the collision. Initially, Progressive paid benefits to plaintiff under Johnstone's policy. However, in April 2018, Progressive informed Johnstone that his no-fault policy had been rescinded as of the date it was issued because Progressive had determined that Johnstone or an insured person under the policy, had "concealed, misrepresented or made incorrect statements or representations regarding a material fact or circumstance; or engaged in fraudulent conduct in connection with your application." [*Nelson v Owusu*, unpublished per curiam opinion of the Court of Appeals, issued December 22, 2020 (Docket No. 347963).]

In the first appeal that we considered, a majority of the panel affirmed nearly all of the trial court's decision, but remanded the case for a determination of the propriety of rescission under the analysis suggested by Justice MARKMAN in his concurrence in *Farm Bureau Gen Ins Co of Mich v ACE American Ins Co*, 503 Mich 903, 906-907; 919 NW2d 394 (2020), and adopted by us in *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 411; 952 NW2d 586 (2020).[1] See *Nelson*, unpub op at 10-11. We identified the five guiding considerations for the trial court in the following language derived from *Pioneer State*, 331 Mich App at 411:

Reduced to their essence, five factors were identified and they address: (1) the extent to which the insurer could have uncovered the subject matter of the fraud before the innocent third party was injured; (2) the relationship between the fraudulent insured and the innocent third party to determine if the third party had some knowledge of the fraud; (3) the nature of the innocent third party's conduct, whether reckless or negligent, in the injury-causing event; (4) the availability of an alternate avenue for recovery if the insurance policy is not enforced; and (5) a determination of whether policy enforcement only serves to relieve the fraudulent insured of what would otherwise be the fraudulent insured's personal liability to the innocent third party. [*Nelson*, unpub op at 10-11.]

With that guidance, we sent the case back to the trial court to determine whether Progressive was entitled to the equitable remedy of rescission. See *Bazzi v Sentinel Ins Co*, 502 Mich 390, 412; 919 NW2d 20 (2018) (similar remand order).

On remand, the trial court ordered the parties to file renewed summary disposition motions. Accordingly, Defendant Progressive moved for relief under MCR 2.116(C)(10), plaintiff filed her own cross-motion for summary disposition, and defendants Owusu and Hizmo Trucking joined in the process by requesting summary disposition. The trial court elected not to conduct any hearing on the competing motions. Instead, the trial court issued an opinion denying plaintiff's request for

---

[1] Under *Bazzi v Sentinel Ins Co*, 502 Mich 390, 409; 919 NW2d 20 (2018), "a claim to rescind a transaction is equitable in nature," so "it 'is not strictly a matter of right' but is granted only in 'the sound discretion of the court.' " Hence, Progressive was not automatically entitled to rescind the insurance policy if "two equally innocent parties are affected." *Id.* at 410.

summary disposition because she was not "innocent" and the balancing of equities weighed against her. Consequently, the trial court awarded summary disposition to all three defendants, thereby ending the case based on the absence of any genuine issue of material fact. Plaintiff appealed the trial court's ruling in favor of all three defendants.

## II. LEGAL ANALYSIS

The trial court's award of summary disposition to the defendants under MCR 2.116(C)(10) is subject to de novo review on appeal. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Because such a motion "tests the *factual sufficiency* of a claim[,]" *id.*, "a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id.* "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id.* " 'A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ.' " *Id.*

In opinions and orders issued on October 1, 2021, the trial court resolved the entire case on the parties' competing motions for summary disposition. The trial court concluded in one of the opinions that plaintiff was not "innocent" and the balancing of the equities favored the insurer,[2] Progressive, so it was entitled to rescind its insurance policy and deny coverage to plaintiff. Along the way, the trial court stated that rescission is "an equitable matter," so "a court may make findings of fact, which are reviewed for clear error." The trial court proceeded to "find[ ] that Plaintiff's position of innocent ignorance of the requirements for being added to Mr. Johnstone's no-fault insurance policy is not believable, which distinguishes this case from the more understandable facts in *Pioneer State*[,]" 331 Mich App 396. The fundamental flaw in this approach, however, is that trial courts are prohibited from making any credibility determinations on summary disposition review under MCR 2.116(C)(10). *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013), citing *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). To be sure, the trial court had reasons to be suspicious of plaintiff's credibility when she disclaimed knowledge of the requirements for her to be added to Johnstone's no-fault insurance policy, and we may well have accepted those reasons if the trial court had conducted an evidentiary hearing and then concluded that plaintiff's position of innocent ignorance of those requirements "is not believable." See, e.g., *Farm Bureau Gen Ins Co of Mich v ACE American Ins Co*, 337 Mich App 88, 104-105; 972 NW2d 325 (2021). But the trial court conducted no hearing of any kind before reaching that conclusion in its opinion. Consequently, the trial court was "not permitted to assess credibility, weigh the evidence, or resolve factual disputes" and then award "summary disposition

---

[2] Applying the five factors identified by Justice MARKMAN and subsequently adopted in our opinion in *Pioneer*, 331 Mich App at 411, the trial court concluded that two factors favored plaintiff, two factors favored the insurer, Progressive, and one factor was "neutral." The trial court ruled in favor of Progressive by assigning more weight to the two factors that supported its position, reasoning that "[t]he Court finds unconvincing Plaintiff's assertion that she had no idea of the requirements for no-fault insurance and that what Mr. Johnstone did was something other than fraudulent."

under MCR 2.116(C)(10)" on the basis of a credibility determination. See *Pioneer State*, 301 Mich App at 377. The trial court erred in doing so.

In a separate written opinion, the trial court awarded summary disposition to defendant Owusu and his employer, defendant Hizmo Trucking, on plaintiff's claim for third-party no-fault benefits because plaintiff was an uninsured motorist at the time Owusu—driving a truck for Hizmo Trucking—ran into plaintiff and her Kia Forte. The no-fault act ordinarily forecloses an uninsured motor-vehicle driver from pursuing third-party benefits.[3] MCL 500.3135(2)(c); see also *Brickley v McCarver*, 323 Mich App 639, 648; 919 NW2d 412 (2018). But that statutory preclusion arises when the motor-vehicle driver "did not have in effect for that motor vehicle the security required by [MCL 500.3101(1)] at the time the injury occurred." MCL 500.3135(2)(c). As an initial matter, plaintiff procured no-fault insurance from Progressive before she was hit by the truck that Owusu was driving, so plaintiff actually "had in effect for" her Kia Forte "the security required" by MCL 500.3101(1) at the time she was injured in the collision.[4] Moreover, because the trial court erred in granting summary disposition to Progressive on the propriety of rescission, plaintiff has not yet been stripped of the insurance coverage from Progressive, so she manifestly cannot yet be viewed as an uninsured driver subject to the preclusive effect of MCL 500.3135(2)(c). Thus, the trial court erred in awarding summary disposition under MCR 2.116(C)(10) to Owusu and Hizmo Trucking on plaintiff's claims against them for third-party no-fault benefits. As a result, we must reverse all of the trial court's awards of summary disposition to the defendants and remand the case for further consideration.

Reversed and remanded. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates

---

[3] We have held that the preclusion prescribed by MCL 500.3135(2)(c) applies to claims for third-party benefits under the threshold exception in MCL 500.3135(1), but not to claims for third-party benefits under the intentional-act exception in MCL 500.3135(3)(a). See *Gray v Chrostowski*, 298 Mich App 769, 776-779; 828 NW2d 435 (2012). Accordingly, we have chosen to use the term "ordinarily" in describing the preclusive effect of MCL 500.3135(2)(c).

[4] In our previous opinion in this case, we relied upon *Esurance Prop & Cas Ins Co v Mich Assigned Claims Plan*, 330 Mich App 584, 593; 950 NW2d 528 (2019), for the proposition that "when a policy of no-fault insurance is rescinded, the policy is considered to have not existed." As it turns out, however, that *Esurance* decision was subsequently reversed by our Supreme Court. *Esurance Prop & Cas Ins Co v Mich Assigned Claims Plan*, 507 Mich 498; 968 NW2d 482 (2021). We do not offer any opinion about how our Supreme Court's decision affects this case.